(Rev. 5/05)

## FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
### UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

(1) Aaron K. Carter, 179415
   (Name of Plaintiff)    (Inmate Number)
   Delaware Correctional Center
   1181 Paddock Road
   Smyrna, DE 19977
   (Complete Address with zip code)

(2) _____
   (Name of Plaintiff)    (Inmate Number)

   _____
   (Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

(1) Commissioner Stanley Taylor

(2) Warden Thomas Carroll
    Dr. Tammy Y. Kastre, FCM
(3) Linda Hunter - FCM
    (Names of Defendants)
    Correctional Medical Systems
(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)
    S/Lt. Alisha Profaci
    Lt. Peter Forbes

06-561

(Case Number)
( to be assigned by U.S. District Court)

JURY TRIAL REQUESTED

## CIVIL COMPLAINT

Scanned-ED 9/11/06

• • Jury Trial Requested

FILED
SEP 11 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I.   **PREVIOUS LAWSUITS**

   A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

   NONE

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? • (Yes) • •No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? • (Yes) • •No

C. If your answer to "B" is Yes:

1. What steps did you take? Filed total 13 medical and regular grievances between 8/18/04 and 6/02/06.

2. What was the result? Grievance ignored or remain unresolved in violation of established time frame/ on numerious occassions contacted Delaware Center for Justice, Inc., concerning grievance problems at Delaware Correctional Center.

D. If your answer to "B" is No, explain why not: _____

III. **DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: Stanley Taylor

Employed as Commissioner at Department of Corrections

Mailing address with zip code: 245 McKee Road

Dover, DE 19904

(2) Name of second defendant: Thomas Carroll

Employed as Warden at Delaware Correctional Center

Mailing address with zip code: 1181 Paddock Road

Smyrna, DE 19977

(3) Name of third defendant: Dr. Tammy Y. Kastre

Employed as Director at First Correctional Medical

Mailing address with zip code: 6861 N. Oracle Road, Tucson, Arizona 85704
S/Lt. Alisa Profaci, Lt. Peter Forbes, Delaware Correctional Center, and Correctional Medical Systems.

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. SEE ATTACHMENT

2. 

3. 

V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. SEE ATTACHMENT

IV.  STATEMENT OF CLAIM

The plaintiff was diagnosed with AIDS (Acquired Immeune Deficiency Syndrome) and AIDS related illnesses or infections (the spectrum of these diseases are referred herein as "HIV disease". The aforemention diagnose was in 1998. On March 1, 2004 plaintiff was placed in Security Housing Unit (SHU) for an alleged altercation with another inmate. I was charged in a disciplinary report with: Lying and Threatening/Disorderly Behavior. The incident was directly related with my being AIDS defined. Plaintiff was not permitted inmate representation nor permitted to call witnesses at the hearing. It was known by staff of the plaintiff's medical condition.

Plaintiff was suffering with rashes, dizziness, weight loss and other medical problems. When these conditions brought too attention of each of the defendants, via grievance process or letters too them. Each of the defendants ignored same. None of the correspondence was responded to and the defendants were fully aware the environment "SHU" was contrary to the plaintiff's medical condition. There are many inmates suffering with HIV/AIDS/HEP C, and Chronic illness housed in Security Housing Unit, Mult-Housing Unit, denied medical treatment unless fall out in their cells. It often takes months to be seen by doctor. The plaintiff has went months without seeing doctor, or receiving medication. The plaintiff was not permitted to take AIDS medications due to his housing location (MHU).

Within these units often the ill, no matter how ill are forced to walk to main hospital, visits or interviews secured by waist chains and legshackles. Within SHU and Building 21 inmates not permitted to have cains, walker or wheelcharts to assist in getting around. There has been occassion when plaintiff has passed blood in urine, which very painful. Unit sergeant contacted medical evening nurse, whl stated she would see plaintiff, but never did. Submitted series of sick call request which were ignored. Plaintiff later passed kidney stones. Dr. Niaz (First Correctional Medical) stated plaintiff had became resistent to all current medication but four. Part of the problem plaintiff unable to take medication at prescribed times  Plaintiff has written Dr. Tammy Y. Kastre, Director - First Correctional Medical, concerning lack of medical treatment and received no response. Since being housed in SHU, MHU and Bldg. 21, plaintiff has written to Defendants Taylor and Carroll concerning various medical and housing problems. All correspondence has been ignored.

Plaintiff had written institution law library, requesting help in filing this and other litigations. Was informed that no legal help can be provided, only provide copy of cases if name is known. As result of First Correctional Medical and Correctional Medical Services refusal to see inmates housed in SHU, MSU and Building 21 in confidential manner, the status of plaintiff and other inmates with HIV/AIDS/Hep C, and other chronic illness. Has resulted in inmates with aforemention including plaintiff being harrassed and discriminated against by both inmaes and correctional staff. Between June 30, 2005 and July 10, 2005 plaintifff experienced serious medical problems, passing blood, rashes weight loss, dizziness, coupound by refusal to refill medications.

Inmate Shamsidin A;i (Robert Saunders) recommended that plaintiff write Director, Delaware Center for Justice. This brought visit from Director and two other individual who promised to look into the issues. Defendant's Profaci and Forbes fully aware of plaintiffs treatment. Both of aforementioss in-charge of SHU, SNU, MHV and Building 21, plaintiff complained to both about cold food, lack of medication, grievances filed and negative treatment by correctional staff. Profaci and Forbes done nothing to address problems.

STATEMENT OF CLAIM CON'T

Often, plaintiff can ahrdly walk, even to cell door to secure food tray. Sincence being housed in SHU,MHU and Bldg. 21 recive totally cold food trays. Not only does this apply to plaintiff, but other inmates suffering with all aforemention illnesses. The meals ferried from main kitchen ia truck to building 21, where food is placed on individul serving trays. The trays are placed on wheeled tables and ferried to various buildings, then served by correctional staff to the four units (A,B,C and D) of the various buildings. Numerous grievance have been filed in connection with cold food, and oftern not receing juice and coffee with meals.

Informed reason for aforemention action not sufficient staff to serve same. Often, in the aforemention building served reduced rations of food then general prison population. This affected my health, often severly sick after consuming cold meals. The plaintiff has been living under these type conditions with severe medical problems for the last 23 months. The above restriction and condition which the defendants have imposed on plaintiff and other inmates similarly situated are not rationally related to legitimate penological or correctional goals. This deprive plaintiff and other inmates of rights guaranteed by the Eighth, and Fourteenth Amendments to the Constitution of the United Statesl and The American Disabilities Act. Plaintiff's medical condition required securing assistance of Inmate Shamsidin Ali to assist in this matter. Plaintiff often can not hold pen to paper, as a result of dizziness and other health related problems. Often, requited to lay in bed as a result of illness and hunger. As far back as 2004 (December) was ordered double portions of food. This order only complied with for few days, and haven't received same since. Never given reason for ceasing same, grievances filed, never received any type relief.

V. RELIEF

    1. Order that this case be classified as a class action pursuant to Rule 23(a) and 23(b)(c) of the Federal Rules of Civil Procedure. Counsel be appointned to protect the interest of the class.

    2. Declare unconstitution and unlawful the medical treatment and living conditions of inmates with aforemention illnesses incarcerated in the Delaware Correctional Center (SHU,MHU,SNU and Bldg. 21).

    3. Enter preliminary and permanent injunctions order defendants, their successors, agents, employees, and all other person action concert with them to immediately provie inmates with illness described in this complaint at Delaware Correctional Center (SHU,MHU,SNU, and Bldg. 21). With access to competent medical specialist, adequate and appropriate emergency carfs, hot meals, and adequate diagnosis, culturing and medical treatment for opportunistic infections.

    4. Enter preliminary and permanent injunctions ordering defendants to permit an third-party infectious disease specialist to enter to the prison, culture, diagnose, and treat the opportinuist infections that coutinues to plague HIV/AIDS/Hepc - positive inmates at Delaware Correctional Center.

RELIEF CON'T

     5.  Punitive damages in amount of one million dollars, and compensatory damages in amount of wage earned at any assigned job within Delaware Correctional Center.

     6.  Rule that the acts and inactions of the Defendants violate defendant and other HIV positive inmates's rights under the Eighth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. 1983, and The American Disability Act.

     7.  Order that the Defendants comply with the Constitution and 42 U.S.C. 1983 and American Disability Act, enjoin the Defendants from continued violations of the Plaintiffs rights.

     8.  Order such additional relief as the Court deems just and proper.

Respectfully submitted, this  5  day of September, 2006.

                                                          Aaron Carter

2. _____
   _____
   _____
   _____
   _____
   _____

3. _____
   _____
   _____
   _____
   _____
   _____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __5TH__ day of __September__, 2_006_.

__*Naron R. Carter*__
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4





Mr. Aaron K. Carter, 179415
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

Clerk of the Court
United States District Court
J. Caleb Boggs Federal Building
Lock Box 18
844 N. King Street
Wilmington, DE  19801