IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AARON K. CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-561-SLR |
| | ) |
| COMMISSIONER STANLEY TAYLOR, | ) |
| WARDEN THOMAS CARROLL, | ) |
| DR. TAMMY Y. KASTRE, | ) |
| LINDA HUNTER, CORRECTIONAL | ) |
| MEDICAL SYSTEMS, S/LT. ALISHA | ) |
| PROFACI, and LT. PETER FORBES, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of December, 2006, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that defendant Linda Hunter is dismissed as a defendant without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff Aaron K. Carter, an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for

screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion.** Plaintiff, who suffers from acquired immune deficiency syndrome ("AIDS"), alleges that defendants are deliberately indifferent to his serious medical needs. More specifically, he alleges that it takes months to see a doctor, he was not permitted to take AIDS medications due to his housing

assignment, on one occasion he passed blood and sought medical attention but did not receive it, he is unable to take his medication at prescribed times, and Correctional Medical Systems refuses to refused to provide him medical services due to his housing assignment. Plaintiff alleges that he contacted defendants Commissioner Stanley Taylor, Warden Thomas Carroll, Dr. Tammy Y. Kastre, S/Lt. Alisha Profaci, and Lt. Peter Forbes regarding his need for medical care, all to no avail. Plaintiff also alleges that he is served reduced rations of food which affects his health. He alleges that double portions of food were ordered for him, and that initially the order was complied with, but since then he has not received double portions.

5. **Personal Involvement**. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

6. Defendant Linda Hunter ("Hunter") is mentioned in the complaint in one place - the case caption. The complaint

contains no information to apprise Hunter of the claims brought against her. Accordingly, she is dismissed as defendant without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

7. **Conclusion.** Based upon the foregoing analysis, defendant Linda Hunter is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A. Plaintiff may proceed against the remaining defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **remaining defendants Commissioner Stanley Taylor, Warden Thomas Carroll, Dr. Tammy Y. Kastre, Correctional Medical Systems, S/Lt. Alisha Profaci, and Lt. Peter Forbes**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiff has provided the court with copies of the complaint (D.I. 2) for service upon the remaining defendants and the attorney general. Plaintiff is notified that the United States Marshal will not**

**serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for defendants and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3.  Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

4.  Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.  Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the

complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

                                                 /s/ Sue L. Robinson
                                                 UNITED STATES DISTRICT JUDGE