IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AARON K. CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-561-SLR |
| ) | |
| COMMISSIONER STANLEY TAYLOR, ) | JURY TRIAL DEMANDED |
| WARDEN THOMAS CARROLL, DR. ) | |
| TAMMY Y. KASTRE, LINDA HUNTER, ) | |
| CORRECTIONAL MEDICAL SYSTEMS ) | |
| S/LT. ALISHA PROFACI, LT. PETER ) | |
| FORBES, ) | |
| Defendants. ) | |

**DEPARTMENT OF CORRECTION DEFENDANTS' ANSWER TO THE COMPLAINT**

COME NOW, defendants Warden Thomas Carroll, Staff Lieutenant Alisha Profaci and Lieutenant Peter Forbes ("Answering Defendants") by and through their undersigned counsel, and hereby answer the Complaint of the plaintiff, Aaron K. Carter ("Plaintiff"). (D.I. 2). The allegations in the Complaint are not numbered. Therefore Answering Defendants respond to the Complaint by paragraph as follows:

**STATEMENT OF CLAIM**

**Paragraph No. 1**

Denied as alleged. It is admitted that Plaintiff is HIV positive. Answering Defendants are without sufficient knowledge or information as to when Plaintiff was diagnosed with the HIV virus. It is admitted that Plaintiff was disciplined for an incident that occurred on February 29, 2004 and placed on pre-hearing detention due to the violent nature of the incident. It is admitted that Plaintiff was charged with Lying and Disorderly or Threatening Behavior. Plaintiff was also charged with Assault and Restraint. All other allegations in the paragraph not admitted herein are denied.

**Paragraph No. 2**

As to the sentence that begins with "Plaintiff was suffering", Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation. The remainder of the allegations contained in Paragraph No. 2 are denied.

**Paragraph No. 3**

As to the first two sentences, the allegations are denied.

As to the sentence that begins with "There has been occasion," the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

As to the sentence that begins with "Unit sergeant contacted," Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

As to the sentence that begins with "Submitted series," Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

As to the sentence that begins with "Plaintiff later passed," Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

The sentence that begins with "Dr. Niaz" is not directed to Answering Defendants and no response is required. To the extent that a response is required, the allegations are denied.

As to the sentence that begins with "Part of the problem," Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

The sentence that begins with "Plaintiff has written Dr. Tammy Y. Kastre," is not directed to Answering Defendants and no response is required. To the extent that a response is required, the allegations are denied.

As to the remainder of the paragraph, the allegations are denied.

**Paragraph No. 4**

As to the first two sentences, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

The third and fourth sentences are not directed to Answering Defendants and no response is required. To the extent that a response is required, the allegations are denied.

As to the fifth sentence, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

**Paragraph No. 5**

As to the first two sentences, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

As to the remainder of the paragraph, the allegations are denied.

**Paragraph No. 6**

As to the first three sentences, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

As to the fourth and fifth sentences, it is admitted that meals are transported from the main kitchen where they are prepared to the buildings where the inmates are housed, then transported on wheeled carts, and served to the inmates in SHU on individual covered serving trays.

As to the sixth sentence, it is admitted that Plaintiff filed a grievance complaining of cold food, the remainder of the allegation is denied.

**Paragraph No. 7**

The first two sentences are unintelligible and thus no response is required. To the extent that a response is required, the allegations are denied.

The remainder of the paragraph states legal arguments or conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

## Relief

It is specifically denied that Plaintiff is entitled to any monetary damages, including punitive or compensatory. It is specifically denied that Plaintiff is entitled to injunctive or any other relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to exhaust his administrative remedies.

3. Answering Defendants are immune from liability under the Eleventh Amendment.

5. Answering Defendants are entitled to qualified immunity.

6. As to any claims under state law, Answering Defendants are entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001 *et seq.*

7. As to any claims under state law, Answering Defendants are entitled to sovereign immunity in their official capacity.

8. Answering Defendants cannot be held liable in the absence of personal involvement for the alleged constitutional deprivations.

9. To the extent that Plaintiff seeks to hold Answering Defendants liable based on supervisory responsibilities, the doctrine of *respondeat superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

10. Answering Defendants, in their official capacity, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

11. Insufficiency of service of process.

12. Insufficiency of process.

13. Lack of jurisdiction over the person and subject matter.

15. This action is barred by the applicable statute of limitations.

WHEREFORE, the Answering Defendants respectfully requests that judgment be entered in their favor and against Plaintiff as to all claims and that attorney fees be awarded to the State Defendants.

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

/s/ Stacey Xarhoulakos
Stacey Xarhoulakos, # 4667
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, De 19801
(302) 577-8400

Dated: May 14, 2007            *Attorney for DOC Defendants*

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 14, 2007, I electronically filed *DOC Defendants' Answer to the Complaint* with the Clerk of Court using CM/ECF. I hereby certify that on May 14, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant:

    Aaron K. Carter
    SBI # 179415
    Delaware Correctional Center
    1181 Paddock Road.
    Smyrna, DE. 19977

    /s/ Stacey Xarhoulakos
    Deputy Attorney General
    Department of Justice
    820 N. French St., 6th Floor
    Wilmington, DE 19801
    (302) 577-8400
    stacey.xarhoulakos@state.de.us