IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AARON K. CARTER,                )
                                )
        Plaintiff,              )
                                )
    v.                          )   C.A. No. 06-561-SLR
                                )
                                )
COMMISSIONER STANLEY TAYLOR,    )
et al.,                         )
                                )
        Defendants.             )

PLAINTIFF'S RESPONSE TO DEFENDANTS
CORRECTIONAL MEDICAL SERVICES MOTION TO DISMISS

Plaintiff submits this response to defendant Correctional Medical Services motion to dismiss. In support of same plaintiff states as follows:

I.  STATEMENT OF FACTS AND PROCEDURAL POSTURE

Correctional Medical Services, Inc. ("CMS") is a private corporation that has contracted with the State of Delaware to provide medical services in Delaware prisons. The Complaint in this matter was filed under 42 U.S. C. 1983 on September 11, 2006. Plaintiff claims that as a result of altercation with another inmate on March 1, 2004, wes placed in Security Housing Unit (SHU. Plaintiff was not provided representation at hearing even thos requested same, and could not call any witness, the incident direct result of plaintiff being "AIDS" defined".

The plaintiff futher claims he is infected with HIV, and claims at this point in time sufferes with rashes, dizziness, weight loss and other medical conditions which were brought to the attention of defendants via grievances, letters, and all were ignored.

Plaintiff states that inmates in SHU and Mutlit-Housing Unit (MSU) and Building 21 having HIV/AIDS/Hepatitis C, and other chronic illnesses that are denied treatment, "unless fall out in their cells or on the tiers. The plaintiff states that it often takes months to be seen by [a] doctor, plaintiff has went months without seeing doctor or receiving medication. The plaintiff has episode of passing blood in urine, was ignored by nursing staff. Submitted numerous sick call slips which were ignored, eventually passed what was determined a kidney stone. Dr. Niaz (First Correctional Medical) stated that plaintiff is resistant to all current medications but four. Major part of plaintiff's problems, was unable take the various medication at prescribed time, due to nuring staff not bringing medication to various housing units. The plaintiff had written Dr. Kastre (First Correctiona Medical) on numerour occassions concerning the lack of medical treatment and received no response. He also written Correctional Medical Services, defendants Taylor and Carroll, in reference to medical and housing problems. The aforemention all ignored by all parties.

All inmates in SHU, MSU, and Building 21 are forced to walk to inverviews, visits, main hospital secured by waist chains and leg shackles, without access to walkers cains or wheelchairs, should had access too same  The plaintiff constantly received cold food, often coffee not served due to shortage of staff. The relief requested by plaintiff included appointment of counsel, class certification on behalf of all sick inmates housed in aforemention units. The defendant failed to provide plaintiff double portions of food, which prescribed by doctor.

resulted in plaintiff being subject to harassment and discriminated against by both inmates and correctional staff. CMS can be held liable for their policy that demonstrates deliberate to plaintiff and his serious medical needs. The Complaint does not name specific individuals, as result of medical staff not wearing identification badges or willingness to provide their names when asked. Plaintiff has clearly stated unconstitutional policies and customs against CMS, and the execution of such policies and customs caused constitutional tort.

    B.    **Plaintiff Has Standing to Assert Class Action Certification**

Plaintiff request that this matter be certified as a "class actiion". This case can be certified class action, by the courts appointment of counsel. Therefore, to the extent plaintiff assert claims on behalf of anyone but himself, those claims should not be dismissed, and can go forward with appointment of counsel.

    C.    **Plaintiff Clearly State A Claim Under the Americans With Disabilities Act ("ADA")**

Plaintiff has shown he is a 'qualified person with a disability, he has been discriminated against bypublic entity, and discrimination and abuse was result of his disability. Therefore, to the extent plaintiff claim under the ADA, should not be dismissed.

Plaintiff asserts tat each of the defendants violated his or her duty under the Eighth Amendment to provide plaintiff wiht adequate medical care during incarceration. For there to be an Eighth Amendment violatio during imprisonment, two elements must be satisfied. One element is objective, that the deprivation be serious. <u>Young v. Quinlan</u>, 960 F.2d 351, 359-60 (3d Cir. 1992). The second is a

The violations are unconstituitonal, violation of the Americans With Disabilities Act (ADA) and unlawful, and requested preliminary and permanent injunctions to immediately provide the inmates with HIV/AIDS/Hepatitis C, and other chronic illnesses, in SHU, MSU and Building 21 with appropriate medical specialist, adequate and approppriate medical care, hot meals and adequate diagnosis and culturing of opportunist infections.

Ths is plaintiff's response to CMS motion to dimiss.

## II.   STANDARD OF REVIEW

A claim may be dismissed because it fails to allege sufficient facts to support a cognizable legal claim, this is not the case with this matter.  The complaint provided the defendants with fair notice of what plaintiffs claim are and the grounds upon which they are based. As a pro se litigant plaintiff pleaded sufficient facts to sustain a legal claim.

A motion to dismiss for failure to state a claim upon which relief can be granted, only if the plaintiff cannot prove facts in support of his claim, this is not case with this matter.  The plaintiff can prove all the facts presented, by both testimony and records.

## III.   LEGAL ARGUMENTS

   A.   **Plaintiff has stated a Claim For A Constitutional Violation Against CMS Plaintiff Has Shown Personal Involvement By CMS**

Plaintiff has shown personal involvement by nursing staff lack in addressing plaintiffs' medical issues in the various housing units. CMS implemented deficient policies, with staff lacking responsibility for their actions with anyone, and were deliberately indifferent to the resulting risk too plaintiff.  CMS lack of action in dealing with the plaintiffs medical problems, and making nature of his illness public

subjective requirement, that a prison official acted with a sufficiently culpable state of mind. The Eighth amendment's proscription against cruel and unusual punishment imposes upon the states a duty to provide prisones with adequate medical care. West v. Keve, 571 F.2d 158, 161 (3dCir. 1978). the Supreme Court has held that"[i]n order to state a cognizable claim, a prisoner must allege acts or omisson sufficiently harmful to evidence deleiberate indifference to serious medical need. It is only such indifference that can offend 'evolving standards of decency'." Estell v. Gamble, 429 U.S. 97, 106 (1976).

Under the first prong of the eighth Amendment analysic, plaintiff has allege that his medical need is"serious"  Boring v. Kozakiewicz, 833 f.2d 468, 473 (3d Cir. 1987). In additon, the seriousness of the plaintiff's medical need may be determined by reference to the consequence of the denial of treatment. Lanzaro, 834 f.2d at 347. The Third Circuit has opined that a medical need is "serious" if the denial of treatment results in the unnecessary and wanton infliction of pain or a life-long handicap or permanet loss. Both clealy apply in plaintiffs' case.

Viewing the evidence in the light most favorable to the plaintiff, the Court should find that plaintiff has made a sufficient showing of a serious medical need to survive dismissal of action. Plaintiff has stated policy and custome as too CMS proximately caused deliberate indifference to plaintiffs' serious medical need.

## IV.  CONCLUSION

Based upon the foregoing, all claims against Correctional Medical Services, Inc., should not be dismissed.

*[signature]*
AARON K. CARTER, 179415
1181 Paddock Road - DCC
Smyrna, DE  19977

DATED:  September 28, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 1, 2007 copy of aforemention was furnished Lorzena A. Wolhar, Esquire, 1220 N. Market Street, 5th Floor, Wilmington, DE  19801.

By U.S. Mail with sufficinet postage affixed thereto.

*[signature]*
AARON K. CARTER, 179415

Mr. Aaron K. Carter, 179415
1181 Paddock Road - DCC
Smyrna, DE 19977

WILMINGTON DE
04 OCT 2007 PM

Clerk of the Court
U.S. District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801