IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AARON K. CARTER,  :
     Plaintiff,  :
     v.  :   C.A. No. 06-561-SLR
COMMISSIONER STANLEY TAYLOR, et al:
     Defendants.  :

FILED OCT 26 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT S/LT ALISHA PROFACI

In accordance with Rule 33 of the Federal Rules of Civil Procedure, plaintiff request defendant Profaci answer the following interrogatories under oath, and that answers be signed by the person making them and be served on plaintiff 30 days there after.

If you cannot answer the following interrogatories in full after exercising due dilegence to secure the information, so state and answer to the extent possible, specifying you inability to answer the remainder and stating whatever information on knowledge you have concerning the unanswered portions.

These interrogatories shall be deemed continuing so as to require supplemental answers as new and different information materalizes.

    1.  Define your duties in Security Housing Unit (SHU) Bldg. 21 and Multi-Housing Unit (MHU).

    2.  Detail screening process governing housing two inmates per cell in Bldg. 21 and MHU.  State administrative regulation governing same.

    3.  Outline all emergency illness, plaintiff suffered while housed in Bldg. 21 and MHU.

4. Specific dates plaintiff housed in SHU, Bldg. 21 and MHU.

5. In conjuction with medical providers, outline all health assessments conducted in reference to plaintiff, while house in SHU, Bldg. 21 and MHU.

6. Name all policies and procedures, governing operation of SHU, Bldg. 21 and MHU by Department of corrections.

7. Outline chronic care management program within SHU, Bldg. 21 and MHU.

8. Outline your education background, including programs completed offered by Department of Corrections.

9. All dates had interviews, or conferences with plaintiff. The specific nature of aforemention.

10. On what dates did you bring to attention of defendant C. Segars plaintiff's medical conditions.

11. Express why SHU, Bldg. 21 and MHU conductive to those suffering wiht HIV/AIDS and HEP C.

12. Explain how plaintiff secured when transported out of Building 21 and SHU, for visit, infirmary or attorney visit.

13. Described how inmates fed in SHU and Building 21.

14. Why coffee often not served in Bldg. 21.

15. Based on plaintiff's medical condition, it was recommended removal by defendants' Segar, Forbes or yourself from SHU, Bldg. 21 or MHU.

16. Outline out of cell time permitted in MHU, and Bldg. 21.

17. While plaintiff housed in SHU, Bldg. 21 and MHU outline all emergency medical issues. Include dates and nature of each emergency.

18. List all dates plaintiff transported too infirmary while housed in SHU, Bldg. 21 and MHU, due to medical emergencies.

19. What was nature of emergencies listed in interrogatories #18.

20. Outline emergency medical training received by correctional staff, assigend SHU, Bldg. 21 and MHU.

*[signature: Aaron K. Carter]*
AARON K. CARTER, 179415
1181 Paddock Raod - DCC
Smyrna, DE 19977

DATED: October 24, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, copy of aforemention furnished Stacey Xarloulakos, Deptuy Attorney General, Department of Justice, Carvel State Office Building, 820 N. French Street, Wilmington, DE 19801.

By U.S. Mail this 24th day of October, 2007 with sufficient postage affixed thereto.

*[signature: Aaron K. Carter]*
AARON K. CARTER, 179415

Mr. Aaron K. Carter, 179415
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

WILMINGTON DE 197
25 OCT 2007 PM 2 L

Clerk of the Court
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE  19801