IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AARON K. CARTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civ. No. 1:06-cv-00561-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | Jury of 12 Demanded |
| COMMISSIONER STANLEY TAYLOR, | ) | |
| WARDEN THOMAS CARROLL. DR. | ) | |
| TAMMY Y. KASTRE, LINDA HUNTER, | ) | |
| CORRECTIONAL MEDICAL SYSTEMS, | ) | |
| S/LT. ALISHA PROFACI, | ) | |
| LT. PETER FORBES | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, DR. TAMMY KASTRE'S ANSWER TO THE COMPLAINT**

Defendants, respond as follows to the allegations set forth in the plaintiff's Complaint:

**STATEMENT OF CLAIM**

1.    Wrongful conduct by answering defendant is denied and it is denied that any conduct by defendant proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

**RELIEF**

1.    Wrongful conduct by answering defendant is denied and it is denied that any conduct by defendant proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

2.      Wrongful conduct by answering defendant is denied and it is denied that any conduct by defendant proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

3.      Wrongful conduct by answering defendant is denied and it is denied that any conduct by defendant proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

4.      Wrongful conduct by answering defendant is denied and it is denied that any conduct by defendant proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

5.      Wrongful conduct by answering defendant is denied and it is denied that any conduct by defendant proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

6.      Wrongful conduct by answering defendant is denied and it is denied that any conduct by defendant proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

7.      Wrongful conduct by answering defendant is denied and it is denied that any conduct by defendant proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

8.      Wrongful conduct by answering defendant is denied and it is denied that any conduct by defendant proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff fails to state a claim for which relief may be granted.

2.      Answering Defendant was not deliberately indifferent to any serious medical condition.

3.      Plaintiff fails to state a claim against Answering Defendant for medical negligence pursuant to Delaware State Law.

4.      To the extent Plaintiff states a claim for medical negligence; such claim is barred by Plaintiff's failure to timely file, or seek an extension to file, an affidavit of merit pursuant to 18. Del. C. § 6853

5.      Plaintiff's claims are barred by the statute of limitations

6.      Answering defendant was not acting under the color of State law or Federal law.

7.      Plaintiff fails to adequately plead a claim for punitive damages.

8.      Answering defendant provided Plaintiff with medical care that was appropriate for his conditions and which met the applicable standard of care.

9.      Plaintiff's injuries, if any, resulted from a superseding, intervening cause.

10.     Plaintiff's injuries, losses, or damages, if any, were the direct, sole and proximate result of activities or conduct of persons or entities for whom the Answering Defendant was not responsible and over whom Answering Defendant had no authority or control.

11.     Answering Defendant, at all times material to the allegations of the Complaint, acted in good faith and with the reasonable belief, both objective and subjective, that their actions were lawful and not in violation of the rights of Plaintiff under the Constitution and the laws of the United States and/or the State of Delaware.

12.     Plaintiff's claims may be barred or limited by the provisions in the United States Civil Rights Act, as discovery will show.

13.     Plaintiff's claims may otherwise be barred by 28 U.S.C. § 1915.

14.     Plaintiff's claims may be barred or limited by contributory/comparative negligence.

15.     Plaintiff failed to mitigate his damages.

16.     Plaintiff's claims are barred by failure of service, by failure of service of process, lack of subject matter and/or personal jurisdiction.

17.     Answering defendant hereby adopts any and all additional defenses hereinafter asserted by her codefendants

18.     Answering defendant reserves the right to assert additional defenses in the future to the extent warranted by discovery.

### ANSWER TO ALL PRESENT AND FUTURE CROSS CLAIMS

19.     Answering Defendant denies all cross-claims asserted against her now or hereinafter.

WHEREFORE, the defendant asks that the Complaint against it be dismissed with prejudice and all costs be assessed against the plaintiff.

**HECKLER & FRABIZZIO**

_____

Daniel L. McKenty
Attorney for Defendants
The Corporate Plaza
800 Delaware Avenue, Suite 200

P. O. Box 128

Wilmington, DE  19899-0128

### **CERTIFICATE OF SERVICE**

I, Daniel L. McKenty, hereby certify that, on December 19, 2007, one copy of

defendant, Dr. Tammy Kastre's Answer to the Complaint, were served, on the following

individuals:

Aaron Carter
SBI# 256265
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977
  *By Mail*


Stacey Xarhoulakos, Esquire
Department of Justice
820 N. French Street
Wilmington, DE, 19801
    *By e-file*

Kevin J. Connors, Esquire
Marshall. Dennehey, Warner, Coleman, & Goggin
1220 N. Market Street
P.O. Box 8888
Wilmington, DE  19899

**HECKLER & FRABIZZIO**

_____
Daniel L. McKenty
Attorney for Defendant
The Corporate Plaza
800 Delaware Avenue, Suite 200

P. O. Box 128

Wilmington, DE  19899-0128
Attorney for Defendants

DATE:   December 19, 2007