IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AARON K. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-561-SLR |
| | ) | |
| STANLEY TAYLOR, et al., | ) | Jury Trial Demanded |
| | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSES TO INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Answering Defendant Alisa Profaci ("Answering Defendant") hereby responds to Plaintiff's First Set of Interrogatories (the "Discovery Requests") as follows:

## GENERAL OBJECTIONS

The following general objections apply to and are hereby incorporated by reference into each individual response herein, whether or not expressly incorporated by reference in such individual response:

1.      Defendant objects to the Discovery Requests to the extent that they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable protections or privileges.

2.      Defendant objects to the Discovery Requests to the extent that they seek information not in Defendant's possession, custody or control on the ground that any such request exceeds the obligations imposed by the Federal Rules of Civil Procedure.

3. Defendant objects to the Discovery Requests to the extent that they seek information that is already in the possession, custody or control of Plaintiff or information that is equally available to Plaintiff.

4. Defendant objects to the Discovery Requests to the extent that they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.

5. Defendant objects to the Discovery Requests to the extent that they are vague, ambiguous, or otherwise incomprehensible.

6. Defendant objects to the Discovery Requests to the extent that they are overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in the Complaint (the "Complaint"), nor reasonably calculated to lead to the discovery of admissible evidence.

7. In providing responses to these Discovery Requests, Defendant does not waive, and expressly reserves, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

8. Defendant's assertion that it will produce documents in response to a particular interrogatory is not to be construed as an admission that any document exists within any requested category or categories, but solely as an assertion that Defendant will make available for inspection and copying responsive, non-privileged documents within its possession, custody or control should any such documents be located after a reasonably diligent search.

9. Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, Defendant reserves the right to supplement or amend these responses and

assert additional objections as it completes its review and analysis in response to the Discovery Requests.

## RESPONSES TO INTERROGATORIES

Subject to and without waiver of the foregoing general objections, Defendants respond as follows:

1. Define your duties in Security Housing Unit (SHU) Bldg. 21 and Multi-Housing Unit (MHU).

**RESPONSE:** Answering Defendant objects on grounds that this Interrogatory is not relevant to the allegations in the Complaint and not calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing general and specific objections, I am the Unit Manager for the MHU, which includes Building 21. I supervise 6+ supervisors, 60+ line staff and up to 588 inmates.

2. Detail screening process governing housing two inmates per cell in Bldg. 21 and MHU. State administrative regulation governing same.

**RESPONSE:** Answering Defendant objects on grounds that this request is overbroad, not relevant to the allegations in the Complaint and not calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing general and specific objections, Answering Defendant does not have knowledge sufficient to respond as this process is typically handled by the transfer office.

3. Outline all emergency illness, plaintiff suffered while housed in Bldg. 21 and MHU.

**RESPONSE:** Answering Defendant objects to the term "emergency illness" as vague and undefined. Without waiver of the foregoing general and specific objections,

Answering Defendant has no personal knowledge of any such emergencies and a search of the DACS system shows no reports of such an emergency.

    4.   Specific dates plaintiff housed in SHU, Bldg. 21 and MHU.

**RESPONSE:**

    11/28/05 transferred to MHU 21 from SHU

    01/10/06 transferred to MHU 22 from MHU 21

    06/09/06 transferred from MHU to compound

    5.   In conjunction with medical providers, outline all health assessments conducted in reference to plaintiff, while housed in SHU, Bldg. 21 and MHU.

**RESPONSE:** Answering Defendant objects on grounds that this Interrogatory is overly broad, unduly burdensome, and vague as to the term "health assessments". Without waiver of the foregoing general and specific objection, Answering Defendant has no knowledge of plaintiff's "health assessments" and thus cannot respond.

    6.   Name all policies and procedures, governing operation of SHU, Bldg. 21 and MHU by Department of Corrections.

**RESPONSE:** Answering Defendant objects on grounds that this Interrogatory is overly broad, unduly burdensome and not relevant to the allegations in the Complaint or tailored to lead to the discovery of admissible.

    7.   Outline chronic care management program within SHU, Bldg. 21 and MHU.

**RESPONSE:** Chronic care inmates are seen every ninety days unless the inmate submits a sick call request prior to the ninety days.

8. Outline your education background, including programs completed offered by Department of Corrections.

**RESPONSE:** Answering Defendant objects on grounds that this Interrogatory is overly broad and unduly burdensome. By way of further objection the Interrogatory is not narrowly tailored to be relevant to the allegations in the Complaint and to lead to the discovery of admissible. Without waiver of the foregoing general and specific objections, Answering Defendant responds as follows:

60+ college credits in Criminal Justice and various programs offered by the Department of Correction. They only programs pertaining to the allegations in the complaint are yearly refresher courses that all correctional officers receive in First Aid.

9. All dates had interviews, or conferences with plaintiff. The specific nature of aforemention.

**RESPONSE:** None that I recall.

10. On what dates did you bring to attention of defendant C. Segars plaintiff's medical conditions.

**RESPONSE:** I do not recall doing so.

11. Express why SHU, Bldg. 21 and MHU conductive to those suffering with HIV/AIDS and Hep C.

**RESPONSE:** Answering Defendant objects on grounds that this Interrogatory is vague and unintelligible. Answering Defendant does not understand the Interrogatory and is thus unable to respond.

12. Explain how plaintiff secured when transported out of Building 21 and SHU, for visit, infirmary or attorney visit.

**RESPONSE:** With handcuffs, waist chain and shackles.

    13.    Describe how inmates fed in SHU and Building 21.

**RESPONSE:** Answering Defendant objects to this Interrogatory on grounds that it is not relevant to the allegations in the Complaint or likely to lead to the discovery of admissible. Without waiver of the foregoing general and specific objections, insulated trays are prepared in the MHU kitchen and transferred to Building 21 as soon as completed and delivered to inmates in their cell.

    14.    Why coffee often not served in Bldg. 21.

**RESPONSE:** Answering Defendant objects to this Interrogatory on grounds that it is not relevant to the allegations in the Complaint or likely to lead to the discovery of admissible. Without waiver of the foregoing general and specific objections, there have been some complaints of coffee not being served and staff indicated that they did not do so when they were short of staff. This was remedied.

    15.    Based on plaintiff's medical condition, it was recommended removal by defendants' Segar, Forbes or yourself from SHU, Bldg. 21 or MHU.

**RESPONSE:** Answering Defendant objects on grounds that this Interrogatory is vague and unintelligible. Answering Defendant does not understand the Interrogatory and is thus unable to respond.

    16.    Outline out of cell time permitted in MHU, and Bldg. 21.

**RESPONSE:** Answering Defendant objects to this Interrogatory on grounds that it is not relevant to the allegations in the Complaint or likely to lead to the discovery of admissible. By way of further objection, the Interrogatory does not specify a time frame. Without waiver of the foregoing general and specific objections, building 21 has three

hours out of the cell per week for recreation, as well as travel to and from visits and medical appointments. MHU 22 and 23, at the time referenced by Plaintiff in the Complaint, had two and one half hours out per day for recreation. There was also time out to travel to and from the dining hall, gym, education, library, religious services and visits.

17.     While plaintiff housed in SHU, Bldg. 21 and MHU outline all emergency medical issues. Include dates and nature of each emergency.

**RESPONSE:** Answering Defendant objects on grounds that this Interrogatory is overbroad and unduly burdensome. Without waiver of the foregoing general and specific objections, Answering Defendant has no personal knowledge of any "emergency medical issue" of the plaintiff. When an emergency occurs, security staff generates incident reports that are stored in the DACS system. The DACS system was searched and no reports were located.

18.     List all dates plaintiff transported to infirmary while housed in SHU, Bldg. 21 and MHU, due to medical emergencies.

**RESPONSE:** See Response to #17.

19.     What was nature of emergencies listed in interrogatories #18.

**RESPONSE:** See Response to #17.

20.     Outline emergency medical training received by correctional staff, assigned SHU, Bldg. 21 and MHU.

**RESPONSE:** Answering Defendant objects to the term "emergency medical training" as undefined. Without waiver of the foregoing general and specific objections, Answering

Defendant does not receive any formal medical training. However, officers complete basic first aid training in the Academy with yearly refresher training.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

/s/ *Stacey Xarhoulakos*_____
Stacey Xarhoulakos (Atty. ID# 4667)
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorney for State Defendants

Dated: December 21, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2007, I electronically filed D*efendant Profaci's Response to Plaintiff's Interrogatoriess* with the Clerk of Court using CM/ECF.

I hereby certify that on December 21, 2007, I have mailed by United States Postal Service, the document to the following non-registered participants:

Aaron K. Carter
SBI # 179415
Delaware Correctional Center
1181 Paddock Road.
Smyrna, DE. 19977

/s/ Stacey Xarhoulakos
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AARON K. CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-561-SLR |
| | ) |
| STANLEY TAYLOR, et al., | ) Jury Trial Demanded |
| | ) |
| Defendants. | ) |

VERIFICATION AS TO ANSWERS:

I hereby declare under penalty of perjury that the attached Defendant's Responses to Plaintiff's First Set of Interrogatories are true and correct.

_____
Alisa Profaci