IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AARON K. CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-561-SLR |
| | ) |
| STANLEY TAYLOR, et al., | ) Jury Trial Demanded |
| | ) |
| | ) |
| Defendants. | ) |

## RESPONSES TO REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Peter Forbes ("Answering Defendant") hereby responds to Plaintiff's First Requests for Admissions (the "Discovery Requests") as follows:

## GENERAL OBJECTIONS

The following general objections apply to and are hereby incorporated by reference into each individual response herein, whether or not expressly incorporated by reference in such individual response:

1. Defendant objects to the Discovery Requests to the extent that they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable protections or privileges.

2. Defendant objects to the Discovery Requests to the extent that they seek information not in Defendant's possession, custody or control on the ground that any such request exceeds the obligations imposed by the Federal Rules of Civil Procedure.

3.   Defendant objects to the Discovery Requests to the extent that they seek information that is already in the possession, custody or control of Plaintiff or information that is equally available to Plaintiff.

4.   Defendant objects to the Discovery Requests to the extent that they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.

5.   Defendant objects to the Discovery Requests to the extent that they are vague, ambiguous, or otherwise incomprehensible.

6.   Defendant objects to the Discovery Requests to the extent that they are overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in the Complaint (the "Complaint"), nor reasonably calculated to lead to the discovery of admissible evidence.

7.   In providing responses to these Discovery Requests, Defendant does not waive, and expressly reserves, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

8.   Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, Defendant reserves the right to supplement or amend these responses and assert additional objections as it completes its review and analysis in response to the Discovery Requests.

**RESPONSES TO REQUESTS FOR ADMISSION**

Subject to and without waiver of the foregoing general objections, Defendants respond as follows:

1. Assigned Multi Housing Unit (MHU). - Plaintiff

**RESPONSE:** Answering Defendant objects on grounds that this statement is vague and unintelligible and it is not clear what is being asked. To the extent that this Request for Admission, as well as Request for Admissions #2 and #3 below, is asking where Answering Defendant is assigned, the response is that Answering Defendant is currently assigned to SHU, but has worked in MHU in the past. Answering Defendant was assigned to MHU from December of 2004 until April of 2006, but has not worked in MHU since April of 2006.

2. Assigned Security Housing Unit (SHU). – Plaintiff

**RESPONSE:** See Response to Request for Admission #1.

3. Assigned Bldg. 21. – Plaintiff

**RESPONSE:** See Response to Request for Admission #1.

4. Within each of the housing units, listed in admissions 1, 2, 3, there is written chronic care disease management programs. For inmates suffering with HIV/AIDS/Hep C.

**RESPONSE:** Answering Defendant objects on grounds that this statement is vague and unintelligible. To the extent that Answering Defendant is able to understand what is being asked and without waiver of the foregoing general and specific objections, the statement is denied.

5. Prescreening exist prior assigning inmates specific cells in MHU or Bldg. 21 housing units.

**RESPONSE:** Answering Defendant objects on grounds that this statement is vague and unintelligible. Without waiver of the foregoing general and specific objections,

Answering Defendant is without knowledge or information sufficient to affirm or deny this statement.

      6.      Inmates assigned cells in Bldg. 21 and MHU screened for compatibility.

**RESPONSE:** Answering Defendant is without knowledge or information sufficient to affirm or deny this statement.

      7.      Within each housing unit (SHU/Bldg. 21 and MHU) exist handicap cell.

**RESPONSE:** Admitted.

      8.      Plaintiff screened medically, prior his housing in SHU Bldg. 21 and MHU.

**RESPONSE:** Answering Defendant objects on grounds that this statement is vague and unintelligible. Without waiver of the foregoing general and specific objections, Answering Defendant is without knowledge or information sufficient to affirm or deny this statement.

      9.      Cold food often served in SHU and Bldg. 21.

**RESPONSE:** Denied.

      10.      Inmates housed in Bldg. 21, permitted 3 hours recreation per week.

**RESPONSE:** Answering Defendant is without knowledge or information sufficient to affirm or deny this statement.

      11.      Aware of plaintiff's various medical conditions.

**RESPONSE:** Answering Defendant objects on grounds that this statement is vague and unintelligible. Without waiver of the foregoing general and specific objections, the statement is denied.

      12.      Plaintiff constantly monitored while housed in SHU, Bldg. 21 and MHU for medical reasons.

**RESPONSE:** Answering Defendant objects on grounds that this statement is vague and unintelligible.  Without waiver of the foregoing general and specific objections, Answering Defendant is without knowledge or information sufficient to affirm or deny this statement.

13. Medication delivered housing units (SHU, Bldg. 21 and MHU) three times per day.

**RESPONSE:** Answering Defendant is without knowledge or information sufficient to affirm or deny this statement.

14. Trained in observation of inmates suffering with HIV/AIDS and Hep C.

**RESPONSE:** Denied.

15. Aware plaintiff's medications required be taken at specific times of the day.

**RESPONSE:** Answering Defendant objects on grounds that this statement is vague and unintelligible.  Without waiver of the foregoing general and specific objections, the statement is denied.

16. Prior housing inmates in SHU, Bldg. 21 and MHU medical needs discussed with counselors and unit managers.

**RESPONSE:** Answering Defendant objects on grounds that this statement is vague and unintelligible.  Without waiver of the foregoing general and specific objections, the statement is denied.

17. Plaintiff suffered serious medical problems, while housed in SHU, Bldg. 21 and MHU.

**RESPONSE:** Answering Defendant objects on grounds that this statement is vague as to the term "serious medical problems". Without waiver of the foregoing general and specific objections, Answering Defendant is without knowledge or information sufficient to affirm or deny this statement.

18.     Received special medical training, prior being assigned SHU, Bldg. 21, MHU.

**RESPONSE:** Denied.

19.     Within SHU, Bldg. 21 and MHU written policies and procedures governing intake, disease management, acute care, infection control, and medically ill inmates.

**RESPONSE:** Answering Defendant is without knowledge or information sufficient to affirm or deny this statement.

20.     Specialty medical care provided inmates housed in SHU, Bldg. 21 and MHU.

**RESPONSE:** Answering Defendant objects on grounds that statement is vague as to the term "specialty medical care." Answering Defendant further objects on grounds that this statement is vague and unintelligible. Without waiver of the foregoing general and specific objections, Answering Defendant is without knowledge or information sufficient to affirm or deny this statement.

21.     Inmates housed in Bldg. 21 and MHU, housed 2 per cell.

**RESPONSE:** Admitted.

22.     Grievance system in SHU often inoperative.

**RESPONSE:** Denied.

    23.    Grievance system in Bldg. 21 often inoperative.

**RESPONSE:** Answering Defendant is without knowledge or information sufficient to affirm or deny this statement.

    24.    Grievance system in MHU often inoperative.

**RESPONSE:** Denied.

    25.    Each time inmate removed from cell in following; SHU, and Bldg. 21 secured by waist chain and leg shackles.

**RESPONSE:** Admitted.

    26.    You were aware of plaintiff's medical condition.

**RESPONSE:** Denied.

    27.    Discussed plaintiff's medical condition with defendant Profaci.

**RESPONSE:** Denied.

    28.    Inmates have committed murder on each other within SHU.

**RESPONSE:** Answering Defendant objects on grounds that the statement is overbroad, not relevant to the allegations in the Complaint and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing general and specific objections, Answering Defendant has no knowledge of a murder.

    29.    Inmates have committed murder on each other in MHU.

**RESPONSE:** Answering Defendant objects on grounds that the statement is overbroad, not relevant to the allegations in the Complaint and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing general and specific objections, Answering Defendant has no knowledge of a murder.

    30.    Building 21 often short staffed.

**RESPONSE:** Denied.

    31.    MHU often short staffed.

**RESPONSE:** Denied.

    32.    Correctional staff assigned SHU, Bldg. 21 and MHU received medical training.

**RESPONSE:** Denied.

                            **DEPARTMENT OF JUSTICE**
                              **STATE OF DELAWARE**

                              */s/ Stacey Xarhoulakos*_____
                              Stacey Xarhoulakos (ID # 4667)
                              Deputy Attorney General
                              820 N. French Street, 6th Floor
                              Wilmington, DE  19801
                              (302) 577-8400
                              Attorney for State Defendants

December 21, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2007, I electronically filed D*efendant Forbes' Response to Plaintiff's Request for Admissions* with the Clerk of Court using CM/ECF. I hereby certify that on December 21, 2007, I have mailed by United States Postal Service, the document to the following non-registered participants:

Aaron K. Carter
SBI # 179415
Delaware Correctional Center
1181 Paddock Road.
Smyrna, DE. 19977

/s/ Stacey Xarhoulakos
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us