IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AARON K. CARTER, 179415<br>DELAWARE CORRECTIONAL CENTER<br>1181 PADDOCK ROAD<br>SMYRNA, DE 19977, | :<br>:<br>:<br>:<br>: | |
| Plaintiff, | :<br>: | C.A. No. 06-561 SLR |
| v. | :<br>: | TRIAL BY JURY DEMANDED |
| COMMISSIONER STANLEY TAYLOR,<br>WARDEN THOMAS CARROLL, DR.<br>TAMMY Y. KASTRE, FCM,<br>LINDA HUNTER – FCM – CMS<br>CORRECTIONAL MEDICAL SYSTEMS,<br>S/LT. ALISHA PROFACI<br>LT. PETER FORBES, | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | |
| Defendant. | : | |

**REPLY OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC.,
IN SUPPORT OF ITS MOTION TO DISMISS**

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY:   /s/ Kevin J. Connors
         KEVIN J. CONNORS, ESQ.
         DE Bar ID: 2135
         1220 North Market Street, 5th Fl.
         P.O. Box 8888
         Wilmington, DE 19899-8888
         Attorney for Defendant, Correctional Medical
         Services, Inc.

DATED:  January 8, 2008

1

## **ARGUMENTS**

### I. PLAINTIFF ERRONEOUSLY ASSERTS NEW ALLEGATIONS IN HIS RESPONSE TO CMS' MOTION TO DISMISS WHICH SHOULD NOT BE CONSIDERED BY THIS COURT

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. Pro. 15(a). Plaintiff filed this Complaint in September 2006, over a year ago, and has never amended or moved to amend the Complaint. Therefore, any new allegations against CMS which are raised for the first time in his Response to CMS' Motion to Dismiss should be stricken and not considered by the Court in deciding CMS' Motion to Dismiss.

Plaintiff must show personal discretion or actual knowledge and acquiescence on the part of CMS with appropriate particularity.[1] Bald assertions and conclusions of law will not suffice.[2]

Plaintiff alleges in his Response, for the first time, that "…CMS implemented deficient policies, with staff lacking responsibility for their actions with anyone, and were deliberately indifferent to the resulting risk too plaintiff." D.I. 35 at III(A). However, he fails to set forth any policies, any period of time upon which policies were violated, who violated any policies, or when they were violated. The allegation which Plaintiff raises in his Response is a bald assertion without any supporting facts. This assertion is not set forth in the Complaint and is raised for the first time in Plaintiff's Response to CMS' Motion to Dismiss. Therefore, Plaintiff has failed to show any personal discretion or actual knowledge and acquiescence on the part of CMS.

Plaintiff in his Response states he has shown "personal involvement by nursing staff lack in addressing plaintiffs' medical issues in the various housing units." [sic]. D.I. 35 at III(A). Again, this is raised for the first time in Plaintiff's Response and was never set forth in his

---

[1] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).
[2] *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Complaint. In fact, the only reference to CMS in the Complaint was when Plaintiff alleged "[a]s a result…Correctional Medical Services refusal to see inmates housed in SHU, MSU and Building 21 in a confidential manner, the status of plaintiff and other inmates with HIV/AIDS/Hep C, and other chronic illnesses. Has resulted in inmates with the aforemention including plaintiff being harassed and discriminated against by both inmates and correctional staff." [sic]. D.I. 2 at § IV. In addition, Plaintiff goes on to state he is unable to provide the names of any specific individuals. Plaintiff makes bald assertions in an attempt to rescue the Complaint which clearly fails, and continues to fail even if the allegations in the Response are considered, to allege sufficient facts to support a cognizable legal claim.

## II.   PLAINTIFF HAS NO STANDING TO ASSERT CLASS ACTION CERTIFICATION

Plaintiff cites no legal authority that he has standing to assert class action certification despite clear legal authority that "a prisoner acting pro se is inadequate to represent the interests of his fellow inmates in a class action."[3] In fact, he does not even dispute he does not have standing. Therefore, Plaintiff's claims on behalf of prisoners other than himself must be dismissed.

## III.   PLAINTIFF FAILS TO STATE A CLAIM UNDER THE AMERICANS WITH DISABILITIES ACT ("ADA")

Plaintiff has not provided any authority or facts supporting he: (1) is a qualified person with a disability; (2) was either excluded from participation in or denied the benefits of public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.[4] His sole response to CMS' argument that he has not established a *prima facie* case under the ADA is that he "is a qualified person with a disability, he has been discriminated

---

[3] *Jordan v. Delaware*, 433 F. Supp. 2d 433, 439 (D. Del. 2006) (*citing Brathwaite v. Taylor*, 2001 WL 1117134, at 2 n.3 (D.Del. 2001))
[4] *Jordan,* 433 F. Supp. 2d at 439 (*citing Gorrell v. Del. State Police*, 1999 WL 1893142, 3 (D. Del. 1999)).

against by public entity, and discrimination and abuse was result of his disability." [sic] D.I. 35 at III(C). This is a bald legal conclusion which Plaintiff does not support with any facts or legal authority. Plaintiff follows this bald legal conclusion with argument that his Eighth Amendment rights have been violated. The Court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."[5] In addition, violation of Plaintiff's Eighth Amendment rights does not equate to a violation of the ADA. Whether Plaintiff's Eighth Amendment rights are violated has no bearing on whether he has a claim under the ADA. Therefore, Plaintiff's claims under the ADA should be dismissed.

## CONCLUSION

Based upon the foregoing, all claims against Defendant, Correctional Medical Services, Inc., should be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) for failure to state any claim upon which relief can be granted. Accordingly, Defendant, Correctional Medical Services, Inc., respectfully requests that CMS' Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed with prejudice.

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN

        BY: */s/ Kevin J. Connors*
           KEVIN J. CONNORS, ESQ.
           DE Bar ID: 2135
           1220 North Market Street, 5th Fl.
           P.O. Box 8888
           Wilmington, DE 19899-8888
           Attorneys for Defendant, Correctional Medical
           Services, Inc.

DATED: January 8, 2008

15/569559.v1

---

[5] *Morse v. Lower Merion School District*, 132 F.3d 902, 906 n.6 (3d Cir. 1997) (*citing In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)

Case 1:06-cv-00561-SLR    Document 48    Filed 01/08/2008    Page 5 of 5

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the **REPLY OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., IN SUPPORT OF ITS MOTION TO DISMISS** with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Stacey Xarhoulakos
Department of Justice
820 N. French Street, 8th Floor
Carvel Office Building
Wilmington, DE 19801
302-577-8400

I hereby certify that on this date, I have mailed by United States Postal Service, **REPLY OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., IN SUPPORT OF ITS MOTION TO DISMISS** to the following non-registered participant:

Aaron K. Carter
SBI# 179415
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN

        BY:   */s/ Kevin J. Connors*
            KEVIN J. CONNORS, ESQ.
            DE Bar ID: 2135
            1220 North Market Street, 5th Fl.
            P.O. Box 8888
            Wilmington, DE 19899-8888
            Attorneys for Defendant, Correctional Medical Services, Inc.

DATED:  January 8, 2008

15/569559.v1

5