ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AARON K. CARTER, 179415                :
                                       :
        Plaintiff,                     :
                                       :
    v.                                 :    C.A. No. 06-561 SLR
                                       :    TRIAL BY JURY DEMANDED
                                       :
COMMISSONER STANLEY TAYLOR,             :
WARDEN THOMAS CARROLL, DR. TAMMY       :
Y. KASTRE, FCM, LINDA HUNTER -         :
FCM - CMS CORRECTIONAL MEDICAL         :
SYSTEMS, S/LT ALISHA PROFACI, LT.      :
PETER FORBES,                          :
                                       :
        Defendants.                    :

**PPLAINTIFF'S REPLY TO CORRECTIONAL MEDICAL SERVICES, INC.,
MOTION TO DISMISS**



FILED
FEB - 5 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AARON K. CARTER, 179415
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

DATED:  January 29, 2008

ARGUMENTS

I. PLAINTIFF DID NOT ERRONEOUSLY ASSETS NEW ALLEGATIONS IN HIS RESPONSE TO CMS' MOTION TO DISMISS WHICH SHOULD NOT BE CONSIDERED BY THIS COURT

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. The allegations raised in response to motion to dismiss, same issues constantly raised.

Plaintiff has showed personal discretion an actual knowledge and acquiescence on the part of CMS with appropriate particularity.

Plaintiff stated in his Response, that...CMS implemented deficient policies, with staff lacking responsibility for their actions with anyone, and were deliberately indifferent to the resulting risk too plaintiff. Sick-call procedures, lack of name badges made idnetifing specific individuals impossible, nor would employees give their names. The allegagionss Plaintiff raises in his Response are same in orginal complaint. The wording might be somewhat different, the court must bear in mind, constant request for the court too appointment of counsel were denied, and as result of plaintiff's physical condition, required depend on inmates for assistance with legal endeavors.

Plaintiff has not failed to show personal discretion or actual knowledge and acquiescence of the part of CMS. Again, their procedure failing wear name badges, and refusing provide full names when request acquiescence in the deliberate indifference. Plaintiff state as result of Correctional Medical services refusal to see inmates housed in SHU, MSU and building 21 in a confidential manner, plaintiff and other inmates with HIV/AIDS/HepC, and other illnesses

-2-

were made aware to other inmates in various housing units. This resulted in inmates with the aforemention including the plaintiff being harassed and discriminated against by both inmates and correctional staff. See: doe v. Delie, 257 F3d. 309, 317 (3d Cir. 2001); and Powell v. Schriver, 175 F3d 107.

At all times relevant to this action and currently all defendant were deliberately indiffernet to all Plaintiff's serious medical need. The same applie to other inmates suffering similiar illness housed in the aforemention units. The report by Civil Rights Division - U.S. Justice Department substantiate same. Since the beginning of 2000 total 120 inmates within this system has died. Based on population of 100,000, inmate deaths highest in the country.

## II. PLAINTIFF HAS STANDING TO ASSERT CLASS ACTION CERTIFICATION

Plaintiff's request for class certification could been overcame by the court appointing counsel. The aforemention requested on series of occassions. The denial to appoint counsel, was the court's indifference not only to plaintiff's serious condition, but the condition of many other inmates, some who have already died. Therefore, Plaintiff's claim on behalf of prisons other then himself should not be dismissed. If not for the assistance of inmate "Shamsidin Ali (a/k/a Robert Saunders) assisting inmates with their medical plights, many more of us would be dead.

## III. PLAINTIFF HAS STATED CLAIM UNDER THE AMERICAN WITH DISABILITIES ACT ("ADA")

Plaintiff has showed by supporting facts throughout this litigation: (1) is a qualified person with a disability; (2) was excluded from participation in or denied the benefits of public enity's services, programs an activities and was discriminated

against by correctional staff based on his "HIV/AIDS/HepC status. Liability for disability discrimination does not require professional understanding of the plaintiff's condition; it is enough to show that the defendants knew of symptoms raising an inference that the plaintiff was disable. See: Sanglap v. LaSalle Bank, FSB 345 F.3d 515 (2003).

The human immunodeficiency virus (HIV) infection is a "disability" under the ADA, even when the infectins has not yet progressed to the so-called symptomatic phase, as a physical impairment which substantially limits the major life activity of reproduction. See: Bragdon v. Abbott, 118 S. Ct. 2196, on remand 163 F.3d 87.

Historically, the various courts have ruled that "ADA" applys too prisons. Therefore, Plaintiff's claims under the ADA should be granted.

### CONCLUSION

Base unpon the foregoing, all claims against Defendant, Correctional Medical Services, should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

*Aaron K. Carter*
AARON K. CARTER, 179414
Delaware Correctional Ct.
1181 Paddock Road
Smyrna, DE  19977

DATED: January 29, 2008.

-4-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY copy of the aforemention provided Kevin J. Connors, Attorney at Law, P.O. Box 8888, Wilmington, DE 19899-8888.

By U.S. Mail this 30th day of January 2008, with sufficient postage affixed thereto.

*Aaron K. Carter*
AARON K. CARTER, 179414
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

I/M Aaron K. Carter
SBI# 179415   UNIT S-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of the Court
U.S. District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE
19801