383656/17885

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AARON K. CARTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civ. No. 06-00561 SLR |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | Jury of 12 Demanded |
| COMMISSIONER STANLEY TAYLOR, | ) | |
| WARDEN THOMAS CARROLL. DR. | ) | |
| TAMMY Y. KASTRE, LINDA HUNTER, | ) | |
| CORRECTIONAL MEDICAL SYSTEMS, | ) | |
| S/LT. ALISHA PROFACI, | ) | |
| LT. PETER FORBES | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF MOTION

**Stacey Xarhoulakos, Esquire**
Department of Justice
820 N. French Street, 8th Floor
Carvel Office Building
Wilmington, DE 19801


**Kevin J. Connors, Esquire**
Marshall, Dennehey, Warner, Coleman & Goggin
1220 N. Market St., Suite 500
P.O. Box 8888
Wilmington, DE 19899


*VIA US MAIL*
**Aaron K. Carter**
SBI# 179415
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977
PRO SE

383656/17885

PLEASE TAKE NOTICE that the attached Motion will be presented to the Court at the convenience of the Court.

**Heckler & Frabizzio, P.A.**

/s/Daniel L. McKenty
Daniel L. McKenty, *DE Bar No. 2689*
800 Delaware Avenue, Suite 200
PO BOX 128
Wilmington, DE 19899
Attorney for Defendant

383656/17885

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AARON K. CARTER ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civ. No. 06-00561 SLR |
| ) | |
| v. ) | |
| ) | |
| ) | |
| ) | Jury of 12 Demanded |
| COMMISSIONER STANLEY TAYLOR, ) | |
| WARDEN THOMAS CARROLL. DR. ) | |
| TAMMY Y. KASTRE, LINDA HUNTER, ) | |
| CORRECTIONAL MEDICAL SYSTEMS, ) | |
| S/LT. ALISHA PROFACI, ) | |
| LT. PETER FORBES ) | |
| ) | |
| Defendants. ) | |

**RULE 7.1.1 STATEMENT**

Because Plaintiff is pro se, this case is exempt from Rule 7.1.1 requirements

383656/17885

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AARON K. CARTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civ. No. 06-00561 SLR |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | Jury of 12 Demanded |
| COMMISSIONER STANLEY TAYLOR, | ) | |
| WARDEN THOMAS CARROLL, DR. | ) | |
| TAMMY Y. KASTRE, LINDA HUNTER, | ) | |
| CORRECTIONAL MEDICAL SYSTEMS, | ) | |
| S/LT. ALISHA PROFACI, | ) | |
| LT. PETER FORBES | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT TAMMY KASTRE M.D.'S
## MOTION TO SET ASIDE DEFAULT JUDGEMENT

Tammy Kastre, M.D. ("Dr. Kastre"), through undersigned counsel, hereby moves this Honorable Court pursuant to Federal Rules of Civil Procedure 55(b) to set aside the Default Judgment that was entered by the clerk on September 18, 2007 for the following reasons:

1. This lawsuit arises from civil rights violations alleged by plaintiff in regards to medical care received by plaintiff while incarcerated.

2. The docket indicates that Aliceson Elmer, on behalf of Dr. Kastre, executed a Return of Waiver of Summons on June 20, 2007. (See Return of Return of Waiver of Summons attached hereto as Exhibit A)

3. However, Ms. Elmer does not have the authority to sign and execute a Return of Waiver of Summons on behalf of Tammy Kastre in this matter.

383656/17885

4. Further, the Return of Waiver of Summons indicates that defendant had sixty days from March 13, 2007 to file a response. However, the Return of Waiver of Summons was not executed by Aliceson Elmer (who did not have authority to waive service for Tammy Kastre), until June 20, 2007 approximately seven days after the Answer was due. As such, filing a timely response would have been impossible. (Exhibit A.)

5. The relief requested by movant falls within the discretion of the Court and, in that regard, Federal Civil Rule of Procedure 55(c) allows this Court to set aside default judgment for good cause shown.

6. Since Tammy Kastre never authorized Aliceson Elmer to sign a Return of Waiver of Summons on her behalf, she was never properly served. Furthermore, even if Aliceson Elmer was authorized to sign on behalf of Tammy Kastre, a timely Answer could not have been filed since the Return of Waiver of Summons was not received and executed until eight days after an answer was due.

7. As such, good cause exists which allows this Court, in its discretion, to set aside default judgment and recognize the Answer to the Complaint filed on behalf of Tammy Kastre on December 19, 2007.

8. Defendant, Dr. Kastre has viable defenses against the allegations in the Complaint.

**WHEREFORE,** defendant prays that this Honorable Court set aside the Entry of Default Judgment entered on September 18, 2007 and allow Dr. Kastre to Answer the Complaint that was filed against her on March 13, 2007.

383656/17885

**Heckler & Frabizzio, P.A.**

/s/Daniel L. McKenty
Daniel L. McKenty, *DE Bar No. 2689*
800 Delaware Avenue, Suite 200
PO BOX 128
Wilmington, DE 19899
 Attorney for Defendant

383656/17885

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AARON K. CARTER )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>)<br>COMMISSIONER STANLEY TAYLOR, )<br>WARDEN THOMAS CARROLL. DR. )<br>TAMMY Y. KASTRE, LINDA HUNTER, )<br>CORRECTIONAL MEDICAL SYSTEMS, )<br>S/LT. ALISHA PROFACI, )<br>LT. PETER FORBES )<br>)<br>Defendants. ) | Civ. No. 06-00561 SLR<br><br>Jury of 12 Demanded |

## ORDER

And now this _____ day of _____, 2008, having considered *Tammy Y. Kastre M.D.'s, Motion to Set Aside Default Judgment* and any opposition thereto, it is HEREBY ORDERED that said Motion, is granted.

_____
J.

383656/17885

## CERTIFICATE OF SERVICE

I, Daniel L. McKenty, hereby certify that, on February 22, 2008, one copy of defendant, Dr. Tammy Kastre's Motion to Set Aside Default Judgment, were served, on the following individuals:

Aaron Carter
SBI# 256265
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977
*By Mail*


Stacey Xarhoulakos, Esquire
Department of Justice
820 N. French Street
Wilmington, DE, 19801


Kevin J. Connors, Esquire
Marshall. Dennehey, Warner, Coleman, & Goggin
1220 N. Market Street
P.O. Box 8888
Wilmington, DE  19899

HECKLER & FRABIZZIO

s/ Daniel L. McKenty
Daniel L. McKenty
Attorney for Defendant
The Corporate Plaza
800 Delaware Avenue, Suite 200
P. O. Box 128
Wilmington, DE  19899-0128
Attorney for Defendants

DATE:   February 22, 2008

383656/17885

# EXHIBIT A

06/20/2007  09:00   5202198247          FIRST CORRECTIONAL                PAGE 02/03
JUN 20 2007 11:52 FR US MARSHALS WILM.DE302 573 6218 TO 915202198247          P.02

Aaron Carter

## RETURN OF WAIVER OF SERVICE OF SUMMONS

I acknowledge receipt of the request that I can waive service of summons in the matter of C.A. No. 06-561 in the United States District of Delaware. I have also received a copy of the complaint in the action, two copies of this form, a copy of the Order of the Court authorizing service and a means by which I can return the signed waiver without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4. I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgement may be entered against the party on whose behalf I am acting if a response is not served and filed within 60 days after March 13, 2007.

Date: 6-20-07

_Aliceson Elmer_    _Aliceson Elmer_
Signature of Defendant    Printed or Typed Name

### DUTY TO AVOID UNNECESSARY COST OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary cost of service of the summons and the complaint. A defendant located in the United States, who, after being notified of an action and asked to waive service of summons on behalf of a plaintiff located in the US, fails to do so will be required to bear the cost of such service unless good cause be shown for that defendant's failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over defendant's person or property. A defendant who waives service of summons retains all defenses and objections, except any relating to the summons or the service of summons, and may later object to the jurisdiction of the Court or to the place to where the action has been brought.

A defendant who waives service must within the time specified on the "Return of Waiver" form served on plaintiff, if unrepresented or on plaintiff's attorney, a response to the Complaint and must also file a signed copy of the response with the Court. If the answer or a motion is not served within this time, a default judgement may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

06cv561 SLR
RGS/w
2007 JUN 21 AM 9:00

**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| | |
|---|---|
| PLAINTIFF<br>Aaron K. Carter | COURT CASE NUMBER<br>C.A. No. 06-561-SLR |
| DEFENDANT<br>Commissioner Stanley Taylor et al. | TYPE OF PROCESS<br>S/S |

SERVE → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Dr. Tammy Y. Kastre - First Correctional Medical, Inc.

AT — ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
6861 N. Oracle Rd. - Tucson, AZ 85704-4222

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Aaron K. Carter
1181 Paddock Rd. - DCC
Smyrna, DE 19977

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 8 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Signature of Attorney or other Originator requesting service on behalf of:  ☒ PLAINTIFF  ☐ DEFENDANT
Aaron K. Carter

TELEPHONE NUMBER     DATE 6/12/07

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. 1 | District to Serve No. 15 | Signature of Authorized USMS Deputy or Clerk<br>BF | Date<br>3-13-07 |

I hereby certify and return that I ☐ have personally served, ☒ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above)

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode

Address (complete only if different than shown above)

Date of Service: 6/28/07   Time: am/pm

Signature of U.S. Marshal or Deputy: BF

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |

REMARKS:

PRIOR EDITIONS MAY BE USED       **1. CLERK OF THE COURT**       FORM USM-285 (Rev. 12/15/80)