IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AARON K. CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-561-SLR |
| | ) |
| COMMISSIONER STANLEY TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

Aaron K. Carter, Pro Se Plaintiff. Delaware Correctional Center, Smyrna, Delaware.

Stacey Xarhoulakos, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Thomas Carroll, Alisha Profaci, and Peter Forbes.

Daniel L. McKenty, Esquire, Heckler & Frabizzio. Counsel for Defendant Dr. Tammy Y. Kastre.

Kevin J. Connors, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin. Counsel for Defendant Correctional Medical Services.

**MEMORANDUM OPINION**

Dated: March 29, 2008
Wilmington, Delaware


ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Aaron K. Carter ("plaintiff"), an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12132. (D.I. 2) Presently before the court is defendant Correctional Medical Services' ("CMS") motion to dismiss with supporting memorandum, plaintiff's response and sur-reply and CMS' reply. (D.I. 15, 16, 35, 48, 52) For the reasons set forth below, the court will grant in part and deny in part the motion to dismiss.

## II. BACKGROUND

Plaintiff, who suffers from acquired immune deficiency syndrome ("AIDS"), alleges that defendants are deliberately indifferent to his serious medical needs. More specifically, he alleges that it takes months to see a doctor, he was not permitted to take AIDS medications due to his housing assignment, on one occasion he passed blood and sought medical attention but did not receive it, he is unable to take his medication at prescribed times, and CMS refused to provide him medical services due to his housing assignment. Plaintiff also alleges that he is served reduced rations of food which affects his health. He alleges that double portions of food were ordered for him, and that initially the order was complied with, but since then he has not received double portions.

## III. STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to

plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 515 F,3d at 234 (quoting Twombly, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id.

Because plaintiff proceeds pro se, his pleading is liberally construed and his

complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## IV. DISCUSSION

### A. Constitutional Violation

CMS argues that the complaint fails to state a claim upon which relief may be granted. Specifically, CMS argues that the complaint fails to allege its personal involvement because it cannot be held liable under a theory of respondeat superior; that plaintiff fails to assert any unconstitutional policy or custom against it; and that the complaint fails to allege that the execution of such a policy or custom caused the constitutional tort at issue.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05.

When a plaintiff relies on the theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference.

Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989); Miller v. Correctional Med. Sys., Inc., 802 F. Supp. 1126, 1132 (D. Del. 1992). Here, in order to establish that CMS is directly liable for the alleged constitutional violations, plaintiff "must provide evidence that there was a relevant [CMS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

The complaint alleges that plaintiff has a chronic condition (i.e., AIDS), that CMS was aware of his medical condition, and that CMS either denied or delayed his medical treatment, as well as treatment to other inmates with chronic care conditions who are housed in SHU or MHU. Liberally construing the complaint, the court finds that, on a motion to dismiss, plaintiff has adequately alleged a deliberate indifference to a serious medical need based upon the policy or custom of CMS with regard to chronic care inmates housed in SHU or MHU. Therefore, the court will deny CMS's motion to dismiss for failure to state a claim.

### B. Class Action

Plaintiff, who proceeds pro se, seeks class action status. CMS moves for dismissal of the claims plaintiff attempts to assert on behalf of other inmates, while plaintiff asserts that said claims should not be dismissed and that they could proceed with appointment of counsel.

A class action can only be maintained if the class representative "will fairly and

adequately represent the interests of the class." Fed. R. Civ. P. 23(a)(4). "When confronting such a request from a prisoner, courts have consistently held that a prisoner acting pro se 'is inadequate to represent the interests of his fellow inmates in a class action.'" Maldonado v. Terhune, 28 F. Supp. 2d 284, 299 (D.N.J. 1998) (citing Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992)). Accordingly, plaintiff may not maintain this suit as a class action and the court will grant this portion of CMS' motion to dismiss.

### C. Americans with Disability Act

The ADA prohibits the exclusion of otherwise qualified participants from any program or benefits on account of their disability. 42 U.S.C. § 12132. Title II, 42 U.S.C. § 12132 provides in relevant part that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services or activities of a public entity or be subjected to discrimination by such entity." To state a claim under Title II of the ADA, plaintiff must allege that: "(1) he is a 'qualified person with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." Jordan v. Delaware, 433 F. Supp. 2d 433, 439 (D. Del. 2006) (citations omitted).

Plaintiff alleges that after he was reassigned to SHU his medical problems were not addressed. He further alleges that while housed in the Medium Housing Unit ("MHU") he was not permitted to take AIDS medication because of his housing location. CMS moves for dismissal of the ADA claim on the basis that plaintiff has not alleged or demonstrated how he was excluded or denied services, programs, or activities because

of any disability. Plaintiff responds in a conclusory manner that he is a qualified person with disability, he has been discriminated against by a public entity and the discrimination was a result of his disability. He states that HIV is a "disability" under the ADA even when the infection has not yet progressed to the so-called symptomatic phase, citing to Bragdon v. Abbott, 524 U.S. 624 (1998). Plaintiff also combines his Eighth Amendment deliberate indifference claim with his ADA claim to argue that CMS failed to provide him with medical care during his incarceration.

Contrary to plaintiff's position, in Bragdon the Supreme Court declined to address the issue of whether an HIV infection is a per se disability under the ADA. Bragdon, 524 U.S. at 641-42 (1998). Indeed, "[i]t is insufficient for individuals attempting to prove disability status . . . to merely submit evidence of a medical diagnosis of an impairment." Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 198 (2002). Since § 12102(2) defines disability "with respect to an individual," the existence of a disability is to be determined in "a case-by-case manner." Toyota Motor Mfg., 534 U.S. at 198. Consequently, plaintiff cannot establish the existence of a "disability" under the ADA merely by stating that he suffered from AIDS during the relevant period of time.

Moreover, plaintiff's claim is that he was denied medical care because of his housing assignment in SHU and MHU rather than due to his condition. He alleges that medical treatment was provided to inmates housed in SHU and MHU, but it was not provided in a confidential manner and, as a result, his medical condition became known to others.

The court finds that the complaint fails to state a claim under the ADA. Therefore, the court will grant CMS' motion to dismiss the ADA claim.

## V. CONCLUSION

Based upon the foregoing analysis, the court will grant in part and deny in part CMS' motion to dismiss and will dismiss the class action and ADA claims. CMS recently filed an amended motion to dismiss or in the alternative motion for summary judgment. (D.I. 56) The court considers the pleading as a motion for summary judgment and will enter a briefing schedule for the motion. An appropriate order will issue.