IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AARON K. CARTER                         :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 :    C.A. No. 06-561-SLR
                                        :
COMMISSIONER STANLEY TAYLOR,            :
WARDEN THOMAS CARROLL, DR. LINDA        :
HUNTER - FCM - CMS CORRECTIONAL         :
MEDICAL SYSTEMS, S/LT. ALISHA           :
PROFACI, and LT PETER FORBES,           :
                                        :
          Defendants.                   :



PLAINTIFF'S RESPONSE TO CORRECTIONAL MEDICAL SERVICES
FOR SUMMARY JUDGMENT

Plaintiff, hereby respectfully move this Honorable Court to deny Correctional Medical Systems Motion for Summary Judgment, and in support thereof, avers as follows:

I.   **STATEMENT OF FACTS AND PROCEDURAL POSTURE**

Plaintiff states taht as a result of an altercation with another inmate on March 1, 2004 was placed in Secured Housing Unit (SHU). He was not provided representation in spite requesting same, not was he permitted to call witnesses in his behalf. The incident was result of plaintiff being "AIDS" defined. While housed in SHU, suffered with rashes, dixxiness, weight loss and series of other medical conditions. These were brought to attention of correctional staff and nurses when visited cells. Often, the aforemention were ignored stating take medications and be quiet. The log books of the housing units support position taken months to be seen by a doctor.

It was common knowledge plaintiff was unable take medications at prescribed times. Had put on defendants on notice concerning lack of medical attention.

There wasn't any confidentiality concerning plaintiff's medical conditions. Plaintiff was constantly required eat cold meals, denied double portions, even tho prescribed by doctor. Plaintiff was locked in cell 23 hours per day, unable to receive proper care for either HIV or Hepatitis C Conditions, the aforemention cannot be treated at same time, but have to be treated individually.

## II.   STANDARD OF REVIEW

A claim may be dismissed because it fails to allege sufficient facts to support a cognizable legal claim, the plaintiffs complaint clearly layout facts to support claims. "Deliberate indifference" is a subjective, actual-knowledge standard. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The plaitiff need not show, that defendants knew of a specific risk to him from a specific source. Farmer, 511 U.S. at 843; Bradley v. Puckett, 157 F.3d 1022, 1025. Knowledge cna be demonstrated by circimstantial evidence, and "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Locking an individual in cell 23 hours per day, with illnesses plaintiff was suffering clearly show deliberate indifference. The fact medical staff only delivered medication three time per day, often not in accordance with time doctor prescribed medication be taken. See Vinning-El v. Long, 482 F. 3d 923, 925 ("a reasonable jury could infer that prison guards working in the vicinity necessarily would have known about the conditions supports the trial court's conclusion about the plaintiffs conditions) It was factually shown guards were aware of plaintiff's conditions, and desired not to associate with plaintiff in any mannn er. The defandant displayed a deliberate indifference ot these conditions.

There were written policies concerning when plaintiff's medications were to be taken, and "CMS" elected to ignore written policies is relevant circumstantial evidence to show CMS knowledge and state of mind. See Woodward v. Correctional Medical Services, 369 F.3d 917, 930; Hadix v. Johnson, 367 F.3d 513, 526 ("If...condiiton are found to be objectively unconstitutional, then that finding would also satisfy the subjective prong, because the same information that would lead to the court's conclusion was available to the the prison officials"). The issues were not bald assertions, but supported by facts.

### A.  LEGAL ARGUMENTS

#### 1. Plaintiff did not willfully and knowingly refuse to be deposed or cooperate in the discovery process

Plaintiff was not represented by counsel, wanted to await decision of motion for appointment of counsel, or as alternative have inmate ("Robert Saunders") who has been assisting plaintiff with legal endeavors presents. Plaintiff claim concerning desire counsel or counsel substitue be present has merit, and the complaint should not be dismissed.

#### 2. Plaintiff Has Clearly stated a Claim For A Constitutional Violation Against CMS Plaintiff Allege Personal Involvement BY CMS

The defendants nursing and other staff refused to wear name badges, which prevents plaintiff from naming specific individuals. Nor would these individual give name when same requested. There is not any question plaintiff's condition were "serious medical needs. The denial of treatment violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976) A Serious medicla need is present whenever the failure to treat a prisoner's condition could result in futher significant injury or the unnecessary and

wanton infliction of pain. Clement v. Gomez, 298 F.3d 898, 904. The plaintiff statements concerning CMS are not based on theory of respondeat superior, and CMS can be held liable for these constitutional violations. Plaintfiff clearly assert policies which establish deliberated indifference to his serious medical needs. The basic fact plaintiff not provided medications at specifically prescribed times support same. The failure to follow-up once advise plaintiff being served cold meals, and insufficient amounts clearly show deliberate indifference. The plaintiff was locked in his room, only had access to individual that approached his door.

The plaintiff's claim does not fally within definition of "medical negligence" which is attempting to be shown by defense counsel. Plaintiff has born the burdern of presenting facts which substantiate treatment deviated from the applicable standards of care ans causation. There is nothing in the records to establish ie treating physicians were board certified to treat "AIDS" or "Hep C".

### B. CONCLUSION

Based upon the foregoing, claims against Defendants, Correctional Medical Services, should not be dismissed.

*Aaron R. Carter*
AARON CARTER
1181 Paddock Road - DCC
Smyrna, DE 19977

DATED: April 2, 2008

CERTIFICATE OF SERVICE

I HEREBY CERFITY, copy of aforemention was provided Kevin J. Connors, Esquire, P.O. Box 8888, Wilmington, DE 19899-8888.

By U.S. Mail this 2nd day of April 2008 with sufficient postage affixed thereto.

*Aaron K. Carter*
AARON K. CARTER



I/M Aaron K. Carter
SBI# 179415    UNIT D-Bldg.
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of the Court
U.S. District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE    19801