IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELWARE

| | |
|---|---|
| AARON K. CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER STANLEY TAYLOR,<br>WARDEN THOMAS CARROLL, DR.<br>TAMMY Y. KASTRE, LINDA HUNTER,<br>CORRECTIONAL MEDICAL SYSTEMS,<br>S/LT ALISA PROFACI, and LT. PETER<br>FORBES,<br><br>    Defendants. | C.A. No. 06-561-SLR<br><br>JURY TRIAL DEMANDED |



**PLAINTIFF RESPONSE TO STATE DEFENDANT'S
MOTION FOR SUMMARY JUDGEMENT**

**COME NOW**, Plaintiff Aaron K. Carter, submit response to State Defendants Motion to Dismiss Pursuant To Federal Rule of Civil Procedure 37, Or, In The Alternative, Motion for Summary Judgment. Plaitiff states aforesaid motion should not be granted for the following reasons:

1. The plaintiff Aaron K. Carter ("Plaintiff or "Carter") is an inmate incarcerated at the Delaware Correctional Cent ("DCC") of the Delaware Department of Corrections ("DOC"). Plaintiff initiated this action pursuant to 42 U.S.C. 1983 filing a Complaint on September 11, 2006 stating violations of his Eighth Amendment rights and the Americans with Disabilities Act ("ADA") and naming as defendants Stantly Taylor, Thomas Carroll, Lt. Peter Forbest, S/Lt. alisha Profaci ("State Defendants"), Correctional Medical Services ("CMS"), Tammy Kastre, and Linda Hunter. The plaintiff appears pro se in this matter with leave to proceed in forma pauperis.

2. The plaintiff has not ignored propounded Interrogatories or Request for Production. The plaintiff has too depend on the assistance of other inmates, due to lacking leagal knowledge or abilities.

The plaintiff anticipate's both documents being filed with the court within the next forty-five days. The defendants are not prejudiced by this delay. Part of the delay, plaintiff was awaiting decision on motion for appointment of counsel, also have been experience various medical illness related to "AIDS".

3. Plaintiff requested either counsel be appointed, or inmate assisting be permitted attend deposition hearing. The plaintiff lacked any knowledge concerning nor would attorneys explain same. Nothing in the record reflects plaintiff willfully and knowingly frustrated the discovery process. Prior filing motion to dismiss counsel should filed motion to compel with the court. The record don't reflect plaintiff unjustifiably resisting discovery, plaintiff was just attempting to secure assistance with same.

4. The plaintiff has not prejudiced the state defendants by failing to respond to discovery. The facts remain most clear, plaintiff has had to depend on assistance of inmate, who in fact were assisting other inmates. There has not been history of dilatoriness and willful bad faith conducted. The record demonstrates nothing as too plaintiff's legal knowledge only the assistance of Inmate Robert Saunders from the outset and couple other inmates.

5. **Summary Judgment Standard:** Rule 56(c) of the Federak Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
A "material fact" is one that "might affect the outcome of the suit." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986)

Plaintiff asserts that each of the defendants violated his or her duty under the Eighth Amendment to provide plaintiff with adequate medical care during incarceration. For there to be an Eighth Amendment violaton during imprisonment, two elements have been satisfied. One element is objective, that the deprivation be serious. Young v. Ouinlan, 960 F.2d 351 (3d Cir. 1992). The second is a subjective requirement, that a prison official acted wiht a sufficiently culpable state of mind. Each of the defendants were aware of plaintiff's serious medical conditions, via either grievance or personal letters but egnored same. the Eighth Amendments proscription against cruel and unusual punishment imposes upon the state a duty to provide prisoner with adequate medical care. West v. Keve, 571 F.2d 158 (3rd Cir. 1978). TheSupreme Court has held that "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. This has been clearly shown in this case. It is only such indifference that can offend 'evloving standard of decency'." Estelle v. Gamble, 429 U.S. 97.

Under the first prong of the Eighth Amendment analysis, a plaintiff must allege that his medicla need is "srious". Boring v. Kozakiewicz 833 F.2d 468. Generally, this requires a showing that the medical need is "one that has been diagnosed by a physician as requiring treatment or that one that is so obvious that even a lay person would easily recognize the necessitty for a doctor's attention." Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326 (3rrd Cir. 1987); See Hampton v. Holmesburg Prison Officials , 546 F.2d 1077 (3d Cir. 1976). In addition, the seriousness of an inmate's medical need may be determined by reference to the consequences of the denial of treatment.

Lanzaro, 834 F.2d at 347. For instance, the Third Circuit has opined that a medical need is "serious" if the denial of treatment results in the unnecessary and wanton infliction of pain or a life-long handicap or permanent loss. Viewing the evidence in the light most facorable to the plaintiff, the Court must find that plaintiff has made a sufficient showing of a serious medical need to survive summary judgment. Plaintiff has suffered without treatment, not given medications at prescribed times, constantly served cold food, and not given prescribed portions of food.

Under the second prong of the Eighth Amendment analysis, plaintiff has established "deliberate indifference" on the part of each of the defendants. Such a showing requires that plaintiff establish that a prison official consciously disregarded a substantial risk of serious harm. The mere fact placing individual suffering with plaintiff serious medical conditions in isolations when there were other options establish risk. Farmer v. Brennan, 511 U.S. 825 (1994) In Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 f.2d 326, the Third Circuit enumerated the various circimstances in which a prisoner could establish deliverate indifference in the context of a claim premised on the failure to provide adequate medical treatment. The court indicated that the deliberate indifference standard is met (1) where prison authorities deny reasonalbe request for medical treatment and such denial exposes the inmate to undue suffering or the threat of tangible residual injury; (2) where prison authorities intentionally refuse to provide medical care knowing that an inmate is in need of medical treatment; (3) if necessary medical treatment is delayed for non-medical reasons; (4) where prison officials erect arbitrary and burdesensome pro-

cedures that result in interminable delays and outright denials of medical care to suffering inmates; or (5) when prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment  The only manner in which available for plaintiff to address his medical needs are via grievance or writing various parties, which plaintiff repeatly done, and ignored by defendants.  The personal involvement of each of the defendants has been clearly shown, inspite of what defense counsel states.  Ill regards as too the contratual arrangement with Department of Corrections and Correctional Medical Services, the ulitmate responsibility rest with the Department of Corrections.

  **WHEREFORE,** Plaintiff request that this Honorable Court enter an order denying dismissing the plaintiff's Complaint in accordance with Federal Rule 37 and denying motion for summary judgment.

*/s/ Aaron K. Carter*
AARON K. CARTER, 179415
1181 Paddock Rd. - DCC
Smyrna, DE  19977

Dated:  April 8, 2008

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY copy of the aforemention was provided Stacey Xarhoulakos, Deputy Attorney General, Department of Justice, Carvel State Office Building, 820 N. French Street, Wilm, DE  19801.

  By U.S. Mail this 8th day of April 2008 with sufficient postage affixed thereto.

*/s/ Aaron K. Carter*
AARON K. CARTER, 179415

I/M Aaron K. Carter
SBI# 179415   UNIT D
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of the Court
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE        19801