IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AARON K. CARTER, 179415 | : | |
| DELAWARE CORRECTIONAL CENTER | : | |
| 1181 PADDOCK ROAD | : | |
| SMYRNA, DE 19977, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 06-561 SLR |
| | : | |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| COMMISSIONER STANLEY TAYLOR, | : | |
| WARDEN THOMAS CARROLL, DR. | : | |
| TAMMY Y. KASTRE, FCM, | : | |
| LINDA HUNTER – FCM – CMS | : | |
| CORRECTIONAL MEDICAL SYSTEMS, | : | |
| S/LT. ALISHA PROFACI | : | |
| LT. PETER FORBES, | : | |
| | : | |
| Defendants. | : | |

**REPLY OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC.,
IN SUPPORT OF ITS AMENDED MOTION TO DISMISS OR IN THE ALTERNATIVE
<u>MOTION FOR SUMMARY JUDGMENT</u>**

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
BY:   */s/ Kevin J. Connors*
          KEVIN J. CONNORS, ESQ.
          DE Bar ID: 2135
          ERIC SCOTT THOMPSON, ESQ.
          DE BAR ID: 4633
          1220 North Market Street, 5th Fl.
          P.O. Box 8888
          Wilmington, DE 19899-8888
          Attorneys for Defendant, Correctional Medical
          Services, Inc.

DATED:  April 18, 2008

1

**ARGUMENTS**

  I.  **PLAINTIFF PROVIDED AN INADEQUATE RESPONSE TO CMS' ARGUMENT THAT HE FAILED TO ASSERT A POLICY OR CUSTOM OF DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS[1]**

In its Amended Motion to Dismiss or in the Alternative Motion for Summary Judgment, CMS argued that Plaintiff failed to establish a policy or custom of deliberate indifference to his alleged serious medical needs.[2] Plaintiff's only response to this argument is "Plaintiff clearly assert(sic) policies which establish deliberate indifference to his serious medical needs."[3] This is a self serving statement for which no proof is provided. In addition, if Plaintiff has personal knowledge of such a policy or custom, he has withheld this information in violation of Federal Rules of Civil Procedure as exhibited by his refusal to be deposed. No support is provided by Plaintiff regarding any purported policies or procedures which CMS has implemented which were enacted with the intent to either deny or delay any medical treatment to Plaintiff beyond his assertion that such policies exist. Plaintiff is unable to produce evidence supporting his bald assertion because there are no such policies or procedures as was testified to in Dr. Lawrence McDonald's Affidavit.[4] In addition, Dr. Lawrence McDonald testified that the employees of CMS did not exhibit a deliberate indifference to Plaintiff's serious medical needs and Plaintiff provided no response to this testimony.

Lastly, Plaintiff offers no argument to Dr. McDonald's testimony that he has received continuous treatment and the treatment actually resulted in a non-detectible level of HIV virus. Plaintiff interestingly continues to argue he has not received adequate treatment while at the

---

[1] This Court previously dismissed Plaintiff's class action and ADA claims Therefore, these will not be addressed by CMS. *See* Memorandum Opinion and Court Order. (DI 61 and 62).
[2] *See Memorandum of Points and Authorities of Correctional Medical Services, Inc., in Support of Its Amended Motion to Dismiss or in the Alternative Motion for Summary Judgment* at II(A)(1) (DI 56).
[3] *Plaintiff's Response to Correctional Medical Services for Summary Judgment* at II(A)(2) (DI 65).
[4] See Affidavit of Lawrence McDonald, M.D. attached as Exhibit "5" to *Memorandum of Points and Authorities of Correctional Medical Services, Inc., in Support of Its Amended Motion to Dismiss or in the Alternative Motion for Summary Judgment.*

same time the treatment he is and has been receiving has resulted in a non-detectible level of the very disease he claims is not being treated adequately. Plaintiff's arguments are illogical in light of the results he has received from his continuous treatment. It would appear there is no appeasing Plaintiff since he apparently believes that receiving treatment which resulted in a non-detectible level of his HIV virus still equates to a deliberate indifference to his serious medical needs. However, regardless of Plaintiff's feelings toward the treatment he received that resulted in a non-detectible level of HIV virus, there is no proof that CMS has a policy or custom which resulted in a denial or delay of treatment or that either CMS and its staff exhibited a deliberate indifference to his serious medical needs. This Honorable Court should dismiss Plaintiff's Complaint.

## II.     PLAINTIFF'S STATE LAW CLAIMS MUST FAIL

Plaintiff admits his "claim does not fally(sic) within [the] definition of 'medical negligence'".[5] Notwithstanding the fact that Plaintiff failed to meet the requirements of 18 *Del. C.* § 6801(7), he admits he is not making a medical negligence claim and, therefore, his medical negligence claims should be dismissed.

Plaintiff argues further that no evidence was produced by CMS that the treating physicians were board certified to treat AIDS or hepatitis C and that he has presented facts which substantiate that the treatment which resulted in the non-detectible level of HIV virus deviated from the applicable standards of care and that he has proven causation. However, Plaintiff has produced no expert testimony as is required by 18 *Del. C.* §6801. In addition, it is difficult to understand how causation has been proven when the treatment Plaintiff received actually resulted in a non-detectible level of the HIV virus. However, Plaintiff provides no support that a doctor must in fact be board certified to treat patients with HIV or hepatitis C. In fact, Dr.

---

[5] *Plaintiff's Response to Correctional Medical Services for Summary Judgment* at II(A)(2).

McDonald, who treated Plaintiff for his HIV and hepatitis C conditions, has been treating patients with infectious diseases, including HIV and hepatitis C, for over twenty (20) years. He has provided the only medical testimony in this case that Plaintiff has received proper care for his HIV and hepatitis C conditions.[6] Therefore, Plaintiff's claims for medical negligence should be dismissed.

### III. PLAINTIFF'S EX POST FACTO RATIONALE FOR HIS REFUSAL TO BE DEPOSED IS INADEQUATE

On October 30, 2007, State Defendants filed a Motion to take the deposition of plaintiff which was granted by this Court on November 2, 2007. DI 38. On November 21, 2007, CMS filed a Motion to take the deposition of Plaintiff which was ordered by this Court on November 27, 2007. DI 39. As a result, on January 7, 2008, a Notice of Deposition was filed setting Plaintiff's deposition for January 11, 2008. DI 47. No objection to this Notice was ever filed by Plaintiff, nor did Plaintiff inform the parties in advance of the deposition by any means that he would not permit Defendants to take his deposition. It was not until counsel for Defendants arrived at the prison for the deposition that Plaintiff informed the parties he would not permit his deposition to be taken without counsel present to represent him. From the date the Court ordered that Defendants could take his deposition, Plaintiff had over two months to object or inform the Court and the parties that he would not permit his deposition to be taken despite the Court Order unless he had counsel present.

As a result of the above, CMS argued in its Motion to Dismiss or in the alternative Motion for Summary Judgment Plaintiff's claims should be dismissed, based upon *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988), for his failure to comply with discovery. Plaintiff's only response to this was that he wanted to wait for the Court to decide his Motion for appointment of

---

[6] See Affidavit of Lawrence McDonald, M.D. attached as Exhibit "5" to *Memorandum of Points and Authorities of Correctional Medical Services, Inc., in Support of Its Amended Motion to Dismiss or in the Alternative Motion for Summary Judgment.*

4

counsel or as an alternative have an inmate who has been assisting in this suit attend the deposition. First, Plaintiff has never requested the appointment of counsel and therefore he had no expectation that counsel would be appointed. Second, there is no legal basis for another inmate to be present at Plaintiff's deposition in order to assist him. Third, Plaintiff has no constitutional right to counsel in this civil suit. Respectfully, this Honorable Court should exercise its discretion and dismiss Plaintiff's Complaint with prejudice for his willful and wanton refusal to comply with discovery, specifically, his refusal to comply with the Court Order that his deposition be taken by Defendants.

## **CONCLUSION**

Based upon the foregoing, all claims against Defendant, Correctional Medical Services, Inc., should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 37(b) and/or 12 (b)(6) for Plaintiff's refusal to allow Defendants to take his deposition and for failure to state any claim upon which relief can be granted. Alternatively, summary judgment should be awarded in favor of Defendant, Correctional Medical Services, Inc., and against plaintiff. Accordingly, Defendant, Correctional Medical Services, Inc., respectfully requests that the Amended Motion of Defendant, CMS, to Dismiss or in the Alternative Motion for Summary Judgment be granted.

>                    MARSHALL, DENNEHEY, WARNER,
>                    COLEMAN & GOGGIN
>                    BY:    */s/ Kevin J. Connors*
>                           KEVIN J. CONNORS, ESQ.
>                           DE Bar ID: 2135
>                           ERIC SCOTT THOMPSON, ESQ.
>                           DE BAR ID: 4633
>                           1220 North Market Street, 5th Fl.
>                           P.O. Box 8888
>                           Wilmington, DE 19899-8888
>                           Attorneys for Defendant, Correctional Medical
>                           Services, Inc.

DATED: April 18, 2008
15/605736.v1

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the **REPLY OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., IN SUPPORT OF ITS AMENDED MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Stacey Xarhoulakos, Esq.
Department of Justice
820 N. French Street, 8th Floor
Carvel Office Building
Wilmington, DE 19801

I hereby certify that on this date, I have mailed by United States Postal Service, **REPLY OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC., IN SUPPORT OF ITS AMENDED MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT** to the following non-registered participant:

Aaron K. Carter
SBI# 179415
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN
        BY:   */s/ Kevin J. Connors*
            KEVIN J. CONNORS, ESQ.
            DE Bar ID: 2135
            ERIC SCOTT THOMPSON, ESQ.
            DE BAR ID: 4633
            1220 North Market Street, 5th Fl.
            P.O. Box 8888
            Wilmington, DE 19899-8888
            Attorneys for Defendant, Correctional Medical
            Services, Inc.

DATED: April 18, 2008

15/605736.v1