IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AARON K. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-561-SLR |
| | ) | |
| COMMISSIONER STANLEY TAYLOR, | ) | JURY TRIAL DEMANDED |
| WARDEN THOMAS CARROLL, DR. | ) | |
| TAMMY Y. KASTRE, LINDA HUNTER, | ) | |
| CORRECTIONAL MEDICAL SYSTEMS | ) | |
| S/LT. ALISA[1] PROFACI, LT. PETER | ) | |
| FORBES, | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THE STATE DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION <u>FOR SUMMARY JUDGMENT</u>**

COME NOW, Defendants Warden Thomas Carroll, Staff Lieutenant Alisa Profaci, and Lieutenant Peter Forbes ("State Defendants") by and through undersigned counsel, and hereby reply to the Response of Aaron Carter ("Plaintiff") (D.I. 65) to the State Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment (D.I. 55) as follows:

1. On February 7, 2008, State Defendants filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 37, asserting Plaintiff's failure to cooperate in the discovery process. In the same motion, the State Defendants moved for summary judgment with supporting documentation, including sworn testimony of defendants Profaci and Forbes.

2. The Court must enter summary judgment, "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Carter*, 477 U.S. 317, 322-23 (1986). The plaintiff has an obligation to set forth specific facts through evidence to

---

[1] Improperly named as "Alisha" in the Complaint.

establish a genuine issue for trial. *Celotex*, 477 U.S. at 322. In this action, Plaintiff has not provided any evidence in support of his allegations or to refute the evidence submitted by the defendants. Plaintiff has not met his summary judgment burden of establishing a genuine issue of material fact sufficient to submit to a jury and the State Defendants are entitled to judgment as a matter of law.

**I.    Plaintiff's willful and knowing frustration of the discovery process mandates dismissal pursuant to Rule 37(d).**

Plaintiff's excuses for his failure to participate in the discovery process are without merit. Plaintiff alleges that he has not ignored the State Defendants' discovery requests, and he complains that he must rely on others to complete his work "due to lacking legal knowledge or abilities." (D.I. 65, at 1). The record establishes that Plaintiff has ignored, and continues to ignore, the State Defendants' Interrogatory Requests. To date, the State Defendants have not received a response to the requests filed on October 2, 2007. (D.I. 32). Plaintiff also has not requested additional time to respond to the requests. Since the filing of the Interrogatory Requests, and throughout this litigation, Plaintiff has actively represented his interests by filing letters, briefs, and pleadings with the Court. However, when the State Defendants attempt to defend their case, through written requests or by deposition, Plaintiff is uncooperative and suddenly unable to participate in the litigation.

Plaintiff asserts that he did not cooperate in the deposition because he did not have counsel present or another inmate present to represent his interests. Again, these arguments are wholly without merit. The Third Circuit holds that *pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel, and appointment is within the Court's discretion. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Plaintiff does not have a right to appointed counsel in a civil matter unless ordered by the Court, and Plaintiff has

never requested appointed counsel.  Plaintiff also does not have a legal right to have an inmate present for his deposition, nor did he ever make this request to the Court or the defendants.

Plaintiff has not provided any legal justification for failing to participate in discovery in a matter that he initiated *pro se* without counsel.  A party is not entitled to file a lawsuit and then sit back and refuse to participate in discovery until an attorney is appointed to represent him.  There is no legal basis for this course of action taken by Plaintiff and the State Defendants have been severely prejudiced in their defense of Plaintiff's claims.  Plaintiff's Complaint should be dismissed as a sanction for his willful frustration of the discovery process.

II.     **The record clearly establishes that Warden Thomas Carroll, Staff Lieutenant Alisa Profaci, and Lt. Peter Forbes were not personally involved in the allegations in the Complaint.**

Plaintiff has not provided any substantive response to the State Defendants' evidence that they were not personally involved in the allegations of the Complaint.  Plaintiff simply regurgitates the same vague information included in his Complaint and asserts that the defendants were "aware of plaintiff's serious medical conditions, via either grievance or personal letters but egnored [sic] same" (D.I. 65, at. 3).  Plaintiff has not produced any evidence to support these allegations.

A defendant can not be held constitutionally liable without proof that the defendant personally directed, had actual knowledge of, or acquiesced in the alleged deprivation of his constitutional rights.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *See also Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990).  There is no dispute as to the law on this point.  The State Defendants can not be imputed with knowledge based on Plaintiff's general and unsupported statement that he wrote letters to the defendants.  *Brookins v. Williams*, 402

F.Supp.2d 508, 512 (D. Del. 2005) (quoting *Rode*, 845 F.2d at 1208)); *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

The State Defendants also can not be held liable under a theory of supervisory liability absent a showing that they were the 'moving force' behind a constitutional violation. *Sample v. Diecks*, 885 F.2d 1099, 1116-17 (3d Cir. 1989). Plaintiff has not even established the personal involvement of the State Defendants, thus he certainly has not shown that the State Defendants were the moving force behind a constitutional violation.

As thoroughly argued and documented in the State Defendants' Motion for Summary Judgment, Defendants Carroll, Profaci, and Forbes were not personally involved in the allegations asserted in Plaintiff's Complaint. Plaintiff has not provided any evidentiary or legal support for his claims against the State Defendants and they are entitled to judgment as a matter of law.

**III. The State Defendants are entitled to judgment as a matter of law on Plaintiff's Eighth Amendment claims as the plaintiff has not provided any support for his allegations of deliberate indifference.**

The State Defendants adopt and incorporate the arguments submitted by Defendant CMS in its Memorandum in Support of its Amended Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, and Reply in Support of that Motion. (D.I. 56, 57, 66). The DOC contracts with CMS to provide inmates with medical care. As evidenced by the medical documentation and the affidavit of Dr. Lawrence McDonald submitted by Defendant CMS, Plaintiff has been under the care of health care professionals and has received regular treatment while incarcerated.

Plaintiff's assertions that he was denied medical treatment are not supported by any evidence and are refuted by the record in this case. Further, as set forth in their Motion for

Summary Judgment, the State Defendants do not provide medical care and Plaintiff has not identified a constitutional basis for including the State Defendants in this suit.

WHEREFORE, Defendants Carroll, Profaci, and Forbes respectfully request that this Honorable Court enter an order dismissing Plaintiff's Complaint in accordance with Fed. Rule Civ. P. 37(d) or, in the alternative, granting the State Defendants' Motion for Summary Judgment.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Stacey X. Stewart*
Stacey X. Stewart (#4667)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

Dated: April 21, 2008

## CERTIFICATE OF SERVICE

I, Stacey X. Stewart, hereby certify that on April 21, 2008, I electronically filed *State Defendants' Reply to Plaintiff's Response to State Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment* with the Clerk of Court using CM/ECF causing notice to be sent to registered parties, and have mailed by United States Postal Service, the document to the following non-registered participant:

Aaron K. Carter
SBI # 179415
Delaware Correctional Center
1181 Paddock Road.
Smyrna, DE. 19977

/s/ Stacey X. Stewart
Stacey X. Stewart (#4667)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400