IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AARON K. CARTER,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )  Civ. No. 06-561-SLR
                                    )
TAMMY Y. KASTRE,                    )
                                    )
            Defendant.              )

### MEMORANDUM ORDER

At Wilmington this   10th   day of March, 2009, having considered plaintiff's motion for appointment of counsel;

IT IS ORDERED that said request (D.I. 79) is denied for the reasons that follow:

1. On October 17, 2008, plaintiff was ordered to file with the court a statement outlining the damages he sought against defendant. (D.I. 74) Plaintiff moved on November 12, 2008 for an extension of time to seek options and guidance. (D.I. 75) His motion was granted, setting January 20, 2009 as the deadline for his filing. (D.I. 76)

2. Plaintiff requested a second extension of time to file because he was trying to find counsel and his legal papers had been confiscated. (D.I. 77) The court granted his motion, ordering plaintiff to file his damages statement by March 2, 2009. (D.I. 78) The court also advised that no further extensions of time would be given.

3. Rather than filing a damages statement, plaintiff filed the motion at bar for appointment of counsel. He requests that the court provide counsel because he does not have "the legal knowledge or ability to proceed further." (D.I. 79) According to

plaintiff, an inmate who had been assisting with the case was placed in another housing unit and all of plaintiff's legal papers were confiscated.

4. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Ray v.Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

5. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

6. Plaintiff filed this action in September 2006 and, since that time, has actively

participated in the prosecution of the case by:  (1) filing motions (D.I. 19, 43); (2) responding to court orders, adversarial motions and discovery requests (D.I. 26, 35, 51); (3) propounding interrogatories and drafting requests for admissions to defendants (D.I. 36, 37); and writing letters to the court and clerk of court (D.I. 77, 41, 53). Plaintiff's various papers and pleadings demonstrate an ability to coherently present his claims and requests for relief.  Considering that the only issue remaining, the amount of damages due from defendant Kastre, is not a legal issue, no prejudice will result by the absence of counsel.

IT IS FURTHER ORDERED that, on or before **April 10, 2009**, plaintiff may file a paper with the court in which he describes how he has been injured by defendant Kastre.  The court will determine an appropriate damages award based of this filing and the other papers of record.

United States District Judge