IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AARON K. CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-561-SLR |
| | ) |
| DR. TAMMY Y. KASTRE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 1st day of June , 2009;

IT IS ORDERED that:

1. **Default Judgment**. An entry of default against remaining defendant, Dr. Tammy Y. Kastre ("defendant"), the owner of First Correctional Medical ("FCM"), was filed on September 18, 2007, and subsequently set aside on April 18, 2008, upon motion by defendant.[1] (D.I. 28, 59, 67) In the meantime, on April 7, 2008, after counsel withdrew from representing defendant, the court ordered defendant, on or before June 9, 2008, to either retain new counsel or inform the court if she intended to proceed pro se. (D.I. 64) Defendant was warned that failure to comply with the order would be considered a failure to defend and that the court thereafter would determine whether judgment, and in what amount, should be entered against her. Defendant did not respond to the order. Accordingly, the court ordered plaintiff to file a statement outlining the damages he sought against defendant. (D.I. 74) After receiving an extension of time, plaintiff submitted his statement on April 9, 2009. (D.I. 81)

---

[1]FCM at one time provided health care to inmates incarcerated within the institutions of the Delaware Department of Correction.

2. Entry of default judgment is a two-step process.  Fed. R. Civ. P. 55(a), (b).  A party seeking to obtain a default judgment must first request that the clerk of the court "enter . . . the default" of the party who has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order.  Fed. R. Civ. P. 55(a).  Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court.  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).  Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct.  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

3. Plaintiff alleges that defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  More specifically, plaintiff who has AIDS (i.e., acquired immunodeficiency syndrome) and Hepatitis C was placed in the security housing unit ("SHU") on March 1, 2004.  While housed there, he allegedly did not receive adequate medical care and went months without seeing a physician or receiving medications.  At some point in time, he was transferred to medium-high housing unit ("MHU") and while housed there, he allegedly was not permitted to take AIDS medications.  He wrote to defendant, but she did not respond.  He seeks compensatory and punitive damages.[2]

---

[2]As a general proposition, punitive damages cannot be awarded simply on the basis of the pleadings, but must instead be established at an evidentiary hearing held pursuant to Fed. R. Civ. P. 55(b)(2) because they clearly are not liquidated or computable.  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1152 (3d Cir. 1990).

4. To establish an Eighth Amendment violation, it must be shown that (1) objectively, the deprivation alleged is sufficiently serious to reach constitutional dimensions, and (2) subjectively, the defendant acted with "sufficiently culpable state of mind" associated with the "unnecessary and wanton infliction of pain." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

5. Initially, the court notes that a portion of plaintiff's claims are barred by the two year statute of limitations period. Pursuant to the mailbox rule, plaintiff filed his complaint on September 5, 2006.[3] Accordingly, his claims for violations of constitutional rights that occurred prior to September 5, 2004 are time-barred.[4] The court takes judicial notice that FCM provided contract medical services to Delaware prisons from July 1, 2002 through June 30, 2005. *Francisco v. Correctional Med. Sys.*, Civ. No. 03-499-JJF, 2007 WL 896190, at *1 (D. Del. Mar. 22, 2007). Hence, any damages for which defendant may be liable occurred during a nine month period from September 5, 2004 until June 30, 2005.

6. The record supports a finding of compensatory damages. During the relevant

---

[3]The computation of time for complaints filed by pro se inmates is determined according to the "mailbox rule." In *Houston v. Lack*, 487 U.S. 266 (1988), the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court. While *Houston* dealt specifically with the filing of a habeas appeal, the decision has been extended by the Court of Appeals for the Third Circuit to other prisoner filings. *See Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998). Additionally, this district has extended the *Houston* mailbox rule to pro se § 1983 complaints. *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002).

[4]For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996).

-3-

time period, plaintiff submitted several grievances complaining that three out of six days he was not administered his medication; he was administered his morning medications, but not his evening medications; he made several complaints of staff incompetence; required blood testing was not performed; and on one occasion he was not seen, even though he was passing blood.  The missed medications and lack of treatment injured plaintiff and caused dizziness, rashes, and elevated levels of the HIV (i.e., human immunodeficiency virus).  The medical records for the relevant time period indicate that, during that time, plaintiff received little medical care and was injured as a result.  For the above reasons, the court will award plaintiff $1,500.00 in compensatory damages.

7.  The court thoroughly reviewed the record, found no evidence to support the necessity of a hearing on punitive damages, and declines to consider the claim for punitive damages.

8.  The clerk of the court is directed to enter judgment in favor of plaintiff and against defendant in the amount of $1,500.00 in compensatory damages.  Plaintiff to take nothing further from this action.

UNITED STATES DISTRICT JUDGE

-4-